UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MIKE JOHANNS, *et al.*, <br><br> Defendants. | Civil Action No. 06–265 (CKK) |

**MEMORANDUM OPINION**
(March 1, 2006)

Beltex Corporation, Cavel International, Inc., and Dallas Crown, Inc. (collectively, the "Slaughter Facility Operators"), filed [7] Motion to Intervene as Defendants in the instant case on February 24, 2006. The Slaughter Facility Operators are the only operators of facilities in the United States that slaughter horses and process horse meat for export to overseas purchasers. Memo. Mot. Intervene at 1. The Slaughter Facility Operators file their Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(a)(2). Mot. Intervene at 1.

Plaintiffs in the instant case, who filed the action on February 14, 2006, filed an amended (and the presently operative) complaint on February 21, 2006, and filed a motion for temporary restraining order and preliminary injunction on February 22, 2006. Plaintiffs take no position on the Motion to Intervene. Mot. Intervene at 1. Defendants in the instant case also take no position on the Motion to Intervene. *Id.*

**I: LEGAL STANDARD**

Federal Rule of Civil Procedure 24(a)(2), which allows a nonparty to apply to intervene

in an action as of right, provides, in relevant part:

> Upon timely application anyone shall be permitted to intervene in an action when the applicant claims an interest relating to property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties.

Fed. R. Civ. P. 24(a)(2). Unequivocally, the recognized requirements for intervention as of right in this Circuit are: (1) timeliness; (2) a cognizable interest; (3) impairment of that interest; and (4) lack of adequate representation by existing parties. *See Smoke v. Norton,* 252 F.3d 468, 470 (D.C. Cir. 2001); *Williams & Humbert, Ltd. v. W & H Trademarks, Ltd.,* 840 F.2d 72, 74 (D.C. Cir. 1988); *see also Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986). On the issue of lack of adequate representation by the existing parties, the Slaughter Facility Operators in the instant case need only "show that representation of [their] interest[s] 'may be' inadequate." *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972); *see also Southern Utah Wilderness Alliance v. Norton*, 2002 US DIST LEXIS 27414 ** 17–18 (D.D.C.).

## II: DISCUSSION

The Slaughter Facility Operators have met the aforementioned criteria necessary to intervene of right in the instant action. They filed their Motion to Intervene only ten days after the initial complaint was filed in this case and only two days after Plaintiffs filed their motion for a temporary restraining order and preliminary injunction. Memo. Mot. Intervene at 2. They have a cognizable interest that may be impaired, as the requested relief in the instant case may force the Slaughter Facility Operators to cease their operations entirely and shut down. *Id.* at 2–3. And the Slaughter Facility Operators have demonstrated that the government's interests differ from their own in that the Slaughter Facility Operators have a direct financial interest in the

2

maintenance of their operations.  *Id.* at 1, 3–4.  Clearly, all four criteria articulated by the D.C. Circuit for intervention of right under Federal Rule of Civil Procedure 24(a)(2) have been met.

### III:  CONCLUSION

For the aforementioned reasons, the Slaughter Facility Operators' [7] Motion to Intervene as Defendants in the instant case shall be GRANTED.  An Order accompanies this Memorandum Opinion.

Date:  March 1, 2006

                                                  /s/
                                                  COLLEEN KOLLAR-KOTELLY
                                                  United States District Judge