UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE HUMANE SOCIETY OF THE UNITED STATES, ET AL.** )<br>)<br>)<br>)<br>Plaintiffs, )<br>v. )<br>)<br>**MIKE JOHANNS, ET AL.** )<br>)<br>Defendants. )<br>) | Civ. No. 1:06CV00265 (CKK) |

**PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS'
MOTION FOR LEAVE TO FILE A SUR-REPLY**

Plaintiffs defer to the Court on whether the Court deems it appropriate to consider the government's sur-reply, which is being filed just three days before the Friday, March 10 effective date of the rule at issue – a date that the government could, but has declined to, extend. If, however, the Court does consider the sur-reply, plaintiffs respectfully request that the Court also take into account a few points regarding the new issues raised, and the new affidavit filed, by defendants.

First, far from demonstrating that defendants were justified in avoiding any prior public comment, defendants' new post hoc declaration strengthens plaintiffs' argument under 5 U.S.C. § 553. Remarkably, the declaration indicates that high-ranking USDA officials decided to proceed with rulemaking in response to intervenors' petition six days after the petition was submitted. See Derfler Decl. at ¶ 6 (Under Secretary for Food Safety "signed the work plan for the interim final rule" on November 29, 2005, six days after the petition was received on November 23) (emphasis added). That was more than three months before the March 10 effective date of the rule. Yet, without explanation, defendants made no effort to solicit and consider prior public comment (or to

engage in any NEPA review.).  The Derfler Declaration, therefore, makes it even clearer that USDA did precisely what the APA is designed to prevent, i.e., solicit public "comment" long after an agency decision is a fait accompli.  See also A.R. 166 (indicating that USDA was considering a rule as early as October 31, 2005).

Second, with regard to plaintiffs' NEPA claim, defendants state that the "critical point is that the USDA has already made a determination that the FSIS's actions and activities do not require any particular NEPA documentation because those actions and activities, in fact, do not have any environmental consequences necessitating NEPA analysis."  Def. Sur-Reply at 3 (emphasis added).  The rule at issue, however, clearly does have environmental consequences, since all parties agree that, as of March 10, the rule is indispensable to the operation of the horse slaughter operations – and hence all of the severe local environmental impacts detailed in plaintiffs' affidavits and never addressed by USDA.  The Record reflects no agency consideration of whether these particular necessitate NEPA review, although the CEQ implementing regulations – expressly incorporated by reference into USDA's own NEPA regulations – state that agencies "shall provide for extraordinary circumstances in which a normally excluded action may have a significant effect," and hence require an EIS or at least an Environmental Assessment.  40 C.F.R. § 1508.4 (emphasis added).[1]

---

[1] Consequently, USDA's new argument that plaintiffs' NEPA claim is somehow barred by the statute of limitations is groundless.  Plaintiffs' claim is that, by preparing no NEPA documentation on the particular action at issue here – or even considering such a step in the Record – defendants have violated both the CEQ regulations, and plaintiffs' own regulations, which "incorporate[] and adopt" the CEQ regulations. 7 C.F.R. § 1b.1.  But  even if plaintiffs' NEPA claim were somehow "construed as a collateral attack" on USDA's NEPA regulations, Def. Sur-Reply at 4 – which it is not – defendants are wrong in contending that such a challenge would be barred by any statute of limitations.  Id.  The courts have made clear that as-applied challenges to regulations are not restricted by the six-year statute of limitations embodied in 28

Finally, defendants flatly concede that a "Congressionally-mandated de-funding provision can act as a suspension of a federal program," Def. Sur-Reply at 1 n.1 (emphasis added) (citing Environmental Defense Center v. Babbitt, 73 F.3d 867, 871 (9th Cir. 1995), yet defendants insist that this was not the intent of the Amendment at issue. Id. As plaintiffs have explained at length, however, this most surely was the specific intent of the Congressional authors and sponsors of the legislation and, indeed, even the legislative opponents recognized that this was the Amendment's purpose. See also North Haven Board of Ed. v. Bell, 456 U.S. 512, 527 (1982) (statements of a bill's sponsor "are an authoritative guide to the statute's construction"); FEA v. Algonguin SNG, Inc., 426 U.S. 548, 564 (1976) (statement of sponsor "deserves to be accorded substantial weight"). Consequently, to sustain the regulation, the Court would have to ignore the "only authoritative indications of congressional intent" regarding the Amendment's design, North Haven Board of Ed., 456 U.S. at 527 – as reflected by the fact that defendants' Sur-Reply still does not suggest any purpose for the legislation other than to suspend the horse slaughter operations.

                    Respectfully submitted,

                    /s/
                    Eric R. Glitzenstein
                    D.C. Bar No. 358287
                    Ethan Carson Eddy
                    D.C. Bar No. 496406

---

U.S.C. § 2401(a). See, e.g., Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv., 112 F.3d 1283, 1289 (5th Cir. 1997) (a regulation may be challenged at any time so long as the plaintiff can "show some direct, final agency action involving the particular plaintiff within six years of filing suit"); see also Cellular Telecommunications & Internet Ass'n v. FCC, 330 F.3d 502, 509 (D.C. Cir. 2003) (indicating that a regulation may be challenged outside a statutory limitations period when the regulation is "enforced against" the plaintiff).

Meyer Glitzenstein & Crystal
Suite 700
1601 Connecticut Ave., N.W.
Washington, D.C.  20009
(202) 588-5206

Of Counsel:

Rebecca G. Judd
Jonathan R. Lovvorn
The Humane Society of the U.S.
2100 L Street, N.W.
Washington, D.C.  20037

Counsel for Plaintiffs