UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HUMANE SOCIETY<br>OF THE UNITED STATES, ET AL.,<br><br>        Plaintiffs,<br>v.<br><br>MIKE JOHANNS, ET AL.,<br><br>        Defendants. | Civ. No. 1:06CV00265 (CKK) |

**JOINT STATUS REPORT**

Pursuant to the Court's March 14, 2006 Order, the parties hereby provide this joint status report. Since issuance of the Court's March 14, 2006 Memorandum Opinion and Order, plaintiffs have filed a Motion Under Fed. R. Civ. P. 54(b) for Reconsideration of the Court's *Sua Sponte* Dismissal of Claims One and Two, or in the Alternative, for Certification of Those Claims for Immediate Appellate Review, and Request for an Expedited Hearing. Both federal defendants and intervenors intend to respond to that motion within the time period provided by the federal and local rules.

With regard to the remaining claim, which arises under the National Environmental Policy Act, 42 U.S.C. § 4321 et seq. ("NEPA"), the Court's ruling stated that there are "apparent gaps in the present agency record" which need to be addressed before the Court could rule on that claim. Mem. Op. at 25. Accordingly, plaintiffs have inquired of federal defendants whether, in light of the Court's ruling, defendants intend to supplement the record along the lines suggested by the Court. Defendants' position is that there might be additional record materials regarding the NEPA claim.

In light of the time-sensitive nature of this case, which involves a statute and rule that are due to expire at the end of this fiscal year, plaintiffs' position is that there is no valid reason to defer production of any additional Administrative Record materials concerning the NEPA claim until after the Court resolves the pending motion. Rather, plaintiffs believe that defendants should file and serve any supplemental record materials within fourteen days, and that the parties should be required to file cross-motions for summary judgment within fourteen days thereafter addressing the NEPA claim and, if the Court has reinstated claims 1 and 2 at that time, those claims as well.

Defendants' position is that briefing on the NEPA claim should be stayed until disposition of Plaintiffs' motion for reconsideration, or alternatively, certification of this case for appellate review. Specifically, Defendants propose that the date by which they must submit the administrative record should be set for five business days after the Court decides Plaintiffs' pending motion and the date by which Defendants must file their motion for summary judgment should be set for fifteen calendar days after Defendants file the administrative record.

Defendant-Intervenors' focus is upon resolution of the one issue that remains before the Court: plaintiffs' NEPA claim. At the same time, defendant-intervenors recognize that the plaintiffs have filed a motion for reconsideration or, in the alternative, certification of Claims 1 and 2 for immediate appellate review. It is intervenors' position that it is totally within the Court's discretion whether to resolve the motion for reconsideration before directing the parties to proceed with the NEPA claim or to process the two issues in parallel. If the Court decides to proceed *seriatum*, defendant-intervenors agree with the government's proposed schedule. If the Court decides to consider the motion for reconsideration and certification and the NEPA claim

simultaneously, then the defendant-intervenors essentially agree with the thrust of plaintiffs' proposed schedule but suggest that the deadlines are too tight. Defendant-intervenors propose instead that the government defendants should notify the Court as to the status of the administrative record within twenty-one days of the filing of this joint status report. If the record must be supplemented, defendant-intervenors propose that this be accomplished within the same twenty-one day time period. Twenty-one days thereafter, the parties should be required to file a motion to dismiss or for summary judgment on the NEPA claim.

With regard to the plaintiffs' motion for reconsideration, defendant-intervenors oppose this motion and, consistent with LcvR 7(b) and Fed. R. Civ. P. 6(e), will file an opposition memorandum by April 7, 2006. Defendant-Intervenors believe the parties can brief and the Court can decide all claims in such a way that there will be no piecemeal appeals of the issues raised in the complaint.

Respectfully submitted,

/s/ Kenneth L. Wainstein /bmr
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/ Rudolph Contreras /bmr
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell
_____

| | |
|---|---|
| Of Counsel:<br>Thomas Bolick, Esq.<br>Rick Herndon, Esq.<br>U.S. Dept. of Agriculture | BEVERLY M. RUSSELL, D.C. Bar #454257<br>Assistant United States Attorney<br>U.S. Attorney's Office for the<br>  District of Columbia<br>555 4th Street, N.W., Rm. E-4915<br>Washington, D.C.  20530<br>Ph:  (202) 307-0492<br><br>Counsel for Federal Defendants |

/s/_____
ERIC R. GLITZENSTEIN, D.C. Bar No. 358287
Ethan Carson Eddy, D.C. Bar No. 496406

Meyer Glitzenstein & Crystal
Suite 700
1601 Connecticut Ave., N.W.
Washington, D.C.  20009
(202) 588-5206

Counsel for Plaintiffs


/s/_____
JAMES P. MURPHY, D.C. Bar No. 380857
Squire, Sanders & Dempsey L.L.P.
1201 Pennsylvania Ave., N.W.
Suite 500
Washington, D.C.  20004
(202) 626-6793

Counsel for Intervenors