UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
**THE HUMANE SOCIETY**          )
**OF THE UNITED STATES, ET AL.** )
                                              )   Civ. No. 1:06CV00265 (CKK)
          Plaintiffs,                       )
     v.                                      )
                                              )
**MIKE JOHANNS, ET AL.**          )
                                              )
          Defendants.                    )
_____)

**PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR
FOR AN ENLARGEMENT OF TIME TO ANSWER PLAINTIFFS' COMPLAINT**

While plaintiffs do not object to a brief extension for federal defendants to file an Answer, plaintiffs do object to the indefinite extension sought by defendants because it makes no sense in view of basic civil procedure principles. Federal defendants have indicated that they "anticipate filing a Motion for Summary Judgment on the NEPA claim" within the time frame established by the Court's April 4, 2006 Minute Order and, on that basis, defendants request an extension of time to file an Answer to the Complaint until <u>after</u> the Court rules on the parties' cross-motions for summary judgment, or until after the Court resolves the pending motion for reconsideration of the Court's dismissal of claims one and two, "whichever decision is later." Mot. at 1.

With regard to the remaining NEPA claim, this request puts the procedural cart before the horse. Since a central function of an Answer is to crystallize whether there are any disputed issues of material fact, under the Federal Rules of Civil Procedure, Answers are filed before, not after, courts rule on summary judgment motions. <u>See</u> Fed. R. Civ. P. 8, 12, 56. Along these lines, while it is correct that "Fed. R. Civ. P. 12 . . . allows a party to move instead of pleading to

a claim, and further, provides that party ten days after the Court decides the motion to serve an answer if the motion is denied," Mot. at 2 (citing Fed. R. Civ. 12(a)(4)(A) and 12(b), the cited rule authorizes the filing of a motion to dismiss in lieu of an answer, not a motion for summary judgment. Id. Indeed, the separate rule providing for motions for summary judgment not only contemplates that all required "pleadings" will be before the Court, Fed. R. Civ. P. 56(c), but that the Court will be in a position to review such "pleadings," along with other pertinent materials, in determining whether there are any "genuine issue as to any material fact" – which is one of the prerequisites for entering summary judgment for one of the parties. Id.

In short, it makes no legal or logical sense for the government to file an Answer after the Court has already decided whether to grant summary judgment for one of the parties. Indeed, if the Court does not reinstate claims one and two, then the summary judgment disposition on the NEPA claim will entail a final disposition of the case; accordingly, under federal defendants' peculiar approach, they could file an Answer after the Court has issued a final judgment in the case. This is certainly not what the Federal Rules of Civil Procedure contemplate.

For these reasons, while plaintiffs do not object to a brief extension, federal defendants should be required to file their Answer before summary judgment briefs are filed on the NEPA claim, i.e., by no later than April 25, 2006, so that the parties can prepare statements of undisputed facts based in part on the pleadings, as specifically contemplated by Fed. R. Civ. P. 56.

Respectfully lly submitted,

/s/ _____
Eric R. Glitzenstein
D.C. Bar No. 358287
Ethan Carson Eddy
D.C. Bar No. 496406
Howard M. Crystal
D.C. Bar No. 446189

Meyer Glitzenstein & Crystal
Suite 700
1601 Connecticut Ave., N.W.
Washington, D.C.  20009
(202) 588-5206

Counsel for Plaintiffs