# Exhibit 1 to Plaintiffs' Motion for Summary Judgment
# Civ. No. 06-0265 (CKK)

# Meyer Glitzenstein & Crystal

1601 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20009-1056

Katherine A. Meyer
Eric R. Glitzenstein
Howard M. Crystal
Kimberly D. Ockene
Joshua R. Stebbins
Tanya M. Sanerib
Erin M. Tobin

Telephone (202) 588-5206
Fax (202) 588-5049
www.meyerglitz.com

March 24, 2006

**By Electronic Mail and First Class Mail**

Beverly M. Russell, Esq.
U.S. Attorney's Office for the District of Columbia
555 Fourth St., NW
Suite E-4915
Washington, DC  20530

Re:   The Humane Society of the United States, et al. v. Johanns, et al.,
      Civ. No. 06-0625 (CKK)

Dear Ms. Russell,

This letter is to follow up on our e-mail correspondence dated March 22, 2006. As stated in that e-mail, as plaintiffs read the Court's Memorandum Opinion, the Court seemed to believe that there may be additional Administrative Record materials bearing on the NEPA claim. Despite the sworn statement of FSIS Program Analyst Rachel Edelstein that the administrative record materials submitted in conjunction with defendants' opposition to plaintiffs' motion for a preliminary injunction "constitute . . . a true and complete copy of all documents and materials considered by FSIS in reaching the decisions at issue in this matter," Admin. Record at 1-2, the Court found that:

> it is not clear (1) if and when the FSIS actually made an affirmative decision that all of its programs were exempt from environmental analysis or (2) if . . . FSIS simply assumed that it was always exempt from the requirements of NEPA. Defendant's argument seems to suggest that the FSIS at least periodically considered whether its programs had a 'significant environmental impact,' and each time rejected such a possibility.

Mem. Op. at 21. Later in the same paragraph, the Court states, "[a]ccordingly, there appears to be at least some history and record of agency deliberation regarding the environmental impact of its policies that is simply not before the Court at this time . . . ." Id. at 21.


recycled paper

As explained in our e-mail dated March 22, 2006, plaintiffs believe that USDA should advise the parties as quickly as possible whether there are, in fact, additional record materials along the lines suggested above, so that the parties can address that matter in the Joint Status Report that is due to the Court next Tuesday, March 28, 2006. Otherwise, it is not clear to plaintiffs how the parties can fill in the "apparent gaps in the present agency record" that the Court evidently discerned. Mem. Op. at 25. Upon learning of the government's position on this issue, plaintiffs will draft a proposed Joint Status Report and submit it to the other parties for their review and any suggested revisions as quickly as possible so that it may be jointly submitted to the Court on or before March 28, 2006. Please contact me or Eric Glitzenstein if you have any questions.

Sincerely,

Ethan Carson Eddy

CC:  James P. Murphy, Esq.