**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THE HUMANE SOCIETY OF THE UNITED STATES, et al.,** ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civ. No. 1:06cv00265 (CKK) |
| **MIKE JOHANNS, Secretary** ) **United States Department of Agriculture, et al.,** ) ) | |
| Defendants. ) ) ) | |
| **BELTEX CORPORATION, CAVEL INTERNATIONAL, INC., and DALLAS CROWN, INC.,** ) ) ) ) | |
| Defendant-Intervenors. ) ) | |

**DEFENDANT-INTERVENORS' RESPONSE TO PLAINTIFFS'
STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to Local Rules 7(h) and 56.1, Defendant-Intervenors Beltex Corporation, Cavel International, Inc., and Dallas Crown, Inc. (collectively "Defendant-Intervenors") hereby respond to Plaintiffs' Statement of Material Facts Not in Genuine Dispute ("Plaintiffs' Statement") submitted in support of their motion for summary judgment. By submitting this response, Defendant-Intervenors do not contend that there are any genuine issues of material fact that require litigation in order for the Court to resolve Plaintiffs' third and only remaining claim for relief (the "NEPA claim") on summary judgment. Rather, Defendant-Intervenors maintain that the relevant and undisputed facts set forth in the Administrative Record require the Court to deny Plaintiffs' Motion for Summary Judgment and grant

DEFENDANT-INTERVENORS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT filed on May 1, 2006 ("DEFENDANT-INTERVENORS' MOTION").

For purposes of resolving Plaintiffs' NEPA claim, Defendant-Intervenors respond to PLAINTIFFS' STATEMENT as follows:[1]

    1.    Defendant-Intervenors do not dispute PLAINTIFFS' STATEMENT No. 1.

    2.    Defendant-Intervenors dispute the claim in PLAINTIFFS' STATEMENT No. 2 that *"[i]n explaining the legislation, all of the Senate and House authors and sponsors of the FY 2006 Amendment stated that it was designed to halt the slaughter of horses for human consumption."* Plaintiffs do not provide any citation to the record or other factual authority for this statement, and Defendant-Intervenors further dispute that this claim is relevant to resolving the merits of Plaintiffs' NEPA claim.

    3.    As set forth in DEFENDANT-INTERVENORS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ("DEFENDANT-INTERVENORS' OPPOSITION") filed together with this response, Defendant-Intervenors dispute that the statements set forth in PLAINTIFFS' STATEMENT No. 3 are material to resolving the merits of Plaintiffs' NEPA claim.

    4.    As set forth in DEFENDANT-INTERVENORS' OPPOSITION, Defendant-Intervenors dispute that the statements set forth in PLAINTIFFS' STATEMENT No. 4 are material to resolving the merits of Plaintiffs' NEPA claim.

    5.    Defendant-Intervenors do not dispute PLAINTIFFS' STATEMENT No. 5.

---

[1] Defendant-Intervenors reserve their right to contest the factual assertions set forth in PLAINTIFFS' STATEMENT in any other proceeding. With respect to the correspondence, affidavits and other materials cited by Plaintiffs, Defendant-Intervenors do not dispute that such materials exist or that they say what they say, but Defendant-Intervenors reserve the right to contest the factual assertions contained therein in any subsequent proceeding.

6. As set forth in DEFENDANT-INTERVENORS' OPPOSITION, Defendant-Intervenors dispute that the statements set forth in PLAINTIFFS' STATEMENT No. 6 are material to resolving the merits of Plaintiffs' NEPA claim.

7. As set forth in DEFENDANT-INTERVENORS' OPPOSITION, Defendant-Intervenors dispute that the statements set forth in PLAINTIFFS' STATEMENT No. 7 are material to resolving the merits of Plaintiffs' NEPA claim.

8. Defendant-Intervenors do not dispute PLAINTIFFS' STATEMENT No. 8.

9. Defendant-Intervenors do not dispute PLAINTIFFS' STATEMENT No. 9.

10. As set forth in DEFENDANT-INTERVENORS' OPPOSITION, Defendant-Intervenors dispute that the statements set forth in PLAINTIFFS' STATEMENT No. 10 are material to resolving the merits of Plaintiffs' NEPA claim.

11. As set forth in DEFENDANT-INTERVENORS' OPPOSITION, Defendant-Intervenors dispute that the statements set forth in PLAINTIFFS' STATEMENT No. 11 are material to resolving the merits of Plaintiffs' NEPA claim.

12. As set forth in DEFENDANT-INTERVENORS' OPPOSITION, Defendant-Intervenors dispute that the statements set forth in PLAINTIFFS' STATEMENT No. 12 are material to resolving the merits of Plaintiffs' NEPA claim.

13. Defendant-Intervenors dispute the claim in PLAINTIFFS' STATEMENT No. 13 that the Administrative Record "*contains no NEPA documentation in connection with the rule or petition, nor any indication that any USDA official had ever given any consideration to whether an EIS or EA should be prepared for this particular activity.*" The Regulatory Review Workplan completed by the FSIS for the Interim Final Rule has a listing of potentially required analysis, including (but not limited to) an Environmental Impact Assessment under NEPA, with a requirement to check all that apply. USDA-FSIS Regulatory Review Workplan #05-007

(Nov. 23, 2005) ("Workplan," AR0202-AR0206).  Consistent with 7 C.F.R. § 1b.4 and the FSIS Directive, "Environmental Impact Assessment" is not checked on the Regulatory Review Workplan, documenting the FSIS determination that neither an EIS nor an EA was required for this particular activity.  FSIS Directive 1232.4, "Regulations Development and Clearance" (Nov. 20, 2001) ("FSIS Directive," AR0192-AR0201).

      14.    Defendant-Intervenors do not dispute PLAINTIFFS' STATEMENT No. 14.

      15.    Defendant-Intervenors do not dispute PLAINTIFFS' STATEMENT No. 15.

      16.    Defendant-Intervenors dispute the claim in PLAINTIFFS' STATEMENT No. 15 that "*there is no indication in the record that either the USDA or the FSIS has ever 'evaluated and determined that such programs and activities have no individual or cumulative impact on the environment,' or that they did so 'time and time' again.*"  The Administrative Record confirms the fact that, in developing and codifying the categorical exclusion codified at 7 C.F.R. § 1b.4(b)(6), the USDA evaluated the activities of the FSIS and determined that its activities have no individual or cumulative impact on the environment.  See 48 FED. REG. at 11,404 (AR0065); see also 47 FED. REG. 42,364 (Sept. 27, 1982) (Proposed Rule, establishing comment deadline of Nov. 26, 1982) (AR0062-0063); 60 FED. REG. 66,479 (Dec. 22, 1995) (Revised Final Rule moving continuing categorical exclusion for FSIS from § 1b.4(a)(8) to § 1b.4(b)(6)) (AR0072-0075).  Additionally, the FSIS Directive and the Regulatory Review Workplan demonstrate that the FSIS considers the applicability of NEPA in every rulemaking action, including promulgation of the Interim Final Rule.  FSIS Directive (AR0192-AR0201); Workplan (AR0202-AR0206).

      17.    Defendant-Intervenors dispute PLAINTIFFS' STATEMENT No. 17.  Plaintiffs do not provide any citation to the record or other factual authority for this statement.  The FY 2006 Appropriations Act prohibits the use of appropriated funds to pay the salaries and expenses of

FSIS personnel to conduct ante-mortem inspections at official establishments. The Act does not prohibit the slaughter operations at official establishments. The Interim Final Rule establishes a voluntary fee-for-service program under which official establishments that slaughter horses may apply and pay for ante-mortem inspection services. 71 FED. REG. 6,337 (Feb. 8, 2006). The rule does not provide authorization or other approval for the continued operation of the official establishments. *Id*.

18.　As set forth in DEFENDANT-INTERVENORS' OPPOSITION, Defendant-Intervenors dispute that the statements set forth in PLAINTIFFS' STATEMENT No. 18 are material to resolving the merits of Plaintiffs' NEPA claim.

Additionally, Defendant-Intervenors do not agree that the facts set forth in PLAINTIFFS' STATEMENT are all of the facts necessary for the Court to resolve PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT. All of the undisputed material facts necessary for the Court to decide that motion are set forth in the "Facts and Background" section of DEFENDANT-INTERVENORS' MEMORANDUM and in DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE, which were both previously filed with the Court on May 1, 2006.

                        Respectfully submitted,

                        /s/
                        James P. Murphy, Esq. (D.C. Bar No. 380857)
                        SQUIRE, SANDERS & DEMPSEY L.L.P.
                        1201 Pennsylvania Ave., N.W., Suite 500
                        Washington, D.C.  20004
                        Telephone:  (202) 626-6793
                        Fax:  (202) 626-6780

Date:  May 10, 2006              Attorney for Defendant-Intervenors
                        BELTEX CORPORATION, CAVEL INTERNATIONAL,
                        INC., and DALLAS CROWN, INC.