UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE HUMANE SOCIETY OF THE<br> UNITED STATES, et al.,<br><br>    Plaintiffs<br><br> v.<br><br>MIKE JOHANNS, Secretary,<br> United States Department<br> of Agriculture, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-0265(CKK)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT
### OF MATERIAL FACTS NOT IN DISPUTE

Defendants' position is that there are no material facts in dispute requiring disposition at trial. Defendants respond to the numbered paragraphs of Plaintiffs' Statement of Material Facts Not in Dispute Below.

1. Plaintiffs' statement describing section 794 of the FY 2006 Agricultural Appropriations Act is not in dispute.

2 - 4, 6. Plaintiffs' statement regarding the personal motivation of specific Congressional members in sponsoring or supporting the Appropriations Act is not material because such actions are not probative of the overall intent of Congress as a legislative body. See Defs.' Op. to Pls.' Mot. Summ. J., pp. 7 - 9.

5. Plaintiffs' statement regarding the Intervenors' petition for "emergency rulemaking" is not in dispute. Further, plaintiffs' allegation that the petition failed to address the

environmental consequences of the requested regulatory action is not material.  Plaintiffs point to no statute pursuant to which Intervenors were obligated to do so.

7.   Plaintiffs' allegation that they provided comments on the Interim Final Rule outside the comment period are not in dispute nor material.  The Interim Final Rule is not a "major federal action" for purposes of triggering NEPA procedural requirements.  Id. 9 - 15.

8.   Plaintiff's allegation that the USDA implemented the Federal Register Notice on the Interim Final Rule without mention of NEPA compliance and is authorizing the Intervenors to voluntarily pay for ante-mortem inspection services is not material; NEPA's procedural provisions do not apply.  Id. 9 - 12, and 15 - 16.   Plaintiffs' discussion on the procedural history of this suit and description of various documents submitted with plaintiffs' previous filings are not material. See id.  Further, the USDA has, in fact, produced documentation evidencing that it has considered the validity of its regulation categorically excluding FSIS programs from NEPA procedural requirements even after promulgation of the regulation.  Defs.' Mot. Dismiss, or Alternatively, for Summ. J., Ex. 6.

13 and 18.   Plaintiffs' allegation that the Administrative Record contains no NEPA documents is controverted

by the rulemaking and regulatory documents establishing the categorical exclusion for FSIS activities.  <u>See</u> Administrative Record filed April 12, 2006.  Plaintiffs' allegation that the FSIS failed to conduct an EIS or EA is not material.  Defs.' Op. to Pls.' Mot. Summ. J., pp. 9 - 17.

 14. Plaintiffs' allegation in this paragraph are not in dispute.

 17. This statement contains an opinion and not a statement of fact.

Date: May 10, 2006    Respectfully Submitted,


            /s/ Kenneth L. Wainstein /kvm
            _____
            KENNETH L. WAINSTEIN, D.C. BAR # 451058
            United States Attorney


            /s/ Rudolph Contreras
            _____
            RUDOLPH CONTRERAS, D.C. BAR #434122
            Assistant United States Attorney


            /s/ Beverly M. Russell
            _____

Of Counsel:      BEVERLY M. RUSSELL, D.C. Bar #454257
Thomas Bolick, Esq./   Assistant United States Attorney
Rick Herndon, Esq.    U.S. Attorney's Office for the
U.S. Dept. of Agriculture   District of Columbia
            555 4th Street, N.W., Rm. E-4915
            Washington, D.C.  20530
            Ph:  (202) 307-0492