UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE HUMANE SOCIETY<br>OF THE UNITED STATES, ET AL.,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>MIKE JOHANNS, ET AL.,<br><br>　　　　　Defendants. | Civ. No. 1:06CV00265 (CKK) |

**PLAINTIFFS' RESPONSE TO DEFENDANT-INTERVENORS' STATEMENT
OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Local Civil Rules 7(h) and 56.1, and to this Court's Minute Order dated May 17, 2006, plaintiffs hereby respond to defendant-intervenors' "Statement of Material Facts Not In Dispute," which defendant-intervenors filed on May 16, 2006.

1. Defendant-intervenors' characterization of the ante-mortem inspection as an "ongoing requirement," and a "requirement" that "personnel are subject to," are legal conclusions not requiring a response. Plaintiffs also dispute that section 3 of the Federal Meat Inspection Act ("FMIA") characterizes horses as "livestock," a term which does not appear in the statute cited by defendant-intervenors. The remainder of this paragraph is not disputed.

2. Plaintiffs do not dispute that USDA promulgated the rule described in the paragraph. Plaintiffs do dispute that all of the "actions and activities" of the Food Safety and Inspection Service do not have an "individual or cumulative" environmental impact.

3. Plaintiffs do not dispute this paragraph.

4. Defendant-intervenors' characterization of FSIS Directive 1234.2 in the first sentence as

"govern[ing] the development and clearance of rulemaking actions by the FSIS" is a legal conclusion not requiring a response (emphasis added). As for the second sentence, plaintiffs do not dispute that the FSIS Directive has a heading entitled "Summary of Laws and Executive Orders Governing Regulations Development," but note that the characterization of this document as "enumerating the various requirements that are covered" is a legal conclusion not requiring a response. Plaintiffs do not dispute that part of the second sentence which states that this part of the FSIS Directive makes reference to the National Environmental Policy Act ("NEPA") and the Council for Environmental Quality ("CEQ") regulations. Plaintiffs do not dispute the third sentence.

     5.    Plaintiffs dispute the first sentence, in that the rule under review was not "initiated by a Regulatory Review Workplan," but rather, by defendant-intervenors' petition for rulemaking. 71 Fed. Reg. 6,337, 6,338. With respect to the second sentence, plaintiffs do not dispute that the "Regulatory Workplan" has a heading called "Required Analysis: (check all that apply)," which has a "separate box for 'Environmental Impact Assessment,'" but defendant-intervenors' characterization of this part of the Regulatory Review Workplan as one "that may be checked if and when the FSIS determines that such analysis is required by NEPA" is a legal conclusion not requiring a response, and, in any event, is not supported by the Administrative Record.

     6.    Plaintiffs do not dispute the existence of the Regulatory Review Workplan for the Interim Final Rule, but note that the characterization of this Workplan in the first sentence as "completed" is a legal conclusion not requiring a response. To the extent a response is deemed required, this statement is disputed. There is no evidence in the record that FSIS "confirmed" anything by not checking the box, since there is no evidence in the record that FSIS thought about NEPA compliance in connection with the rule at all. The second sentence is a legal conclusion not

requiring a response. In the third sentence, the part of the Administrative Record cited to by defendant-intervenors does not support the negative inference that the Workplan was "reviewed and approved without comment . . . with no determination to contradict the conclusion that NEPA was not implicated." The Administrative Record does not contain evidence of any FSIS "conclusion that NEPA was not implicated." Additionally, to the extent defendant-intervenors suggest that the Administrative Record materials cited evince a "conclusion that NEPA was not implicated," this is also a legal conclusion not requiring a response.

7. Plaintiffs do not dispute that the Federal Register notice cited by defendant-intervenors includes the language cited by defendant-intervenors, but to the extent this paragraph can be construed to suggest that this was the purpose of the rulemaking at issue, see Int. Stmt. of Facts ¶ 7 ("FSIS promulgated the Interim Final Rule to: . . . .") (emphasis added), rather than simply the result of the rulemaking, it is a legal conclusion not requiring a response.

Respectfully submitted,

/s/
Eric R. Glitzenstein
D.C. Bar No. 358287
Ethan Carson Eddy
D.C. Bar No. 496406
Howard M. Crystal
D.C. Bar No. 446189

Meyer Glitzenstein & Crystal
Suite 700
1601 Connecticut Ave., N.W.
Washington, D.C. 20009
(202) 588-5206

Of Counsel:

|  |  |
|---|---|
|  | Rebecca G. Judd<br>(Member of Maryland Bar)<br><br>Jonathan R. Lovvorn<br>(D.C. Bar No. 461163)<br><br>The Humane Society of the<br>United States<br>2100 L St., N.W.<br>Washington, D.C.  20037<br>(202) 676-2333 |
| May 18, 2006 | Counsel for Plaintiffs |