```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

THE HUMANE SOCIETY OF THE        )
 UNITED STATES, et al.,          )
                                 )
              Plaintiffs         )
                                 )
     v.                          )
                                 ) Civil Action No. 06-0265(CKK)
MIKE JOHANNS, Secretary,         )
   United States Department      )
   of Agriculture, et al.,       )
                                 )
              Defendants.        )
_____)
```

### FEDERAL DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO THE FEDERAL DEFENDANTS' MOTION TO DISMISS, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT

Federal defendants, Mike Johanns, Secretary, U.S. Department of Agriculture ("USDA"), and Barbara J. Masters, Administrator, Food Safety and Inspection Service ("FSIS"), have moved to dismiss plaintiffs' claim brought pursuant to the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, et seq. or alternatively for summary judgment in their favor.  Plaintiffs, in their opposition memorandum, fail to present any argument undermining the validity of granting the relief requested in the federal defendants' motion.

As an initial matter, plaintiffs' challenge to 7 C.F.R. § 1b.4, the USDA's regulation categorically excluding certain of its agencies from NEPA procedural requirements, is time-barred. Plaintiffs' reliance on inapposite cases discussing "as-applied challenges" essentially evidences a de facto concession that

their claim is precluded by the six year statute of limitations applicable to suits against the United States. <u>See</u> 28 U.S.C. § 2401(a). Second, plaintiffs fail to persuasively demonstrate that the Interim Final Rule establishing a fee-for-service program for ante-mortem inspections is a "major federal action" for purposes of triggering NEPA. Finally, plaintiffs' argument that the federal defendants never considered the environmental impacts of the meat inspection programs is untrue in the face of 7 C.F.R. § 1b.4 and the rulemaking process culminating in that regulatory provision.

**ARGUMENT**

**I.   Plaintiff's Challenge to 7 C.F.R. § 1b.4 Is Time-Barred.**

Plaintiff's challenge to 7 C.F.R. § 1b.4, a regulation published in 1983, is clearly time barred pursuant to 28 U.S.C. § 2401(a). Plaintiffs apparently are attempting to circumvent this bar by a misguided "as applied" challenge based on the FSIS's February 2006 Interim Final Rule creating the voluntary fee-for-service program for ante-mortem inspection of horses. Pls.' Op. At 14.   An "as applied" challenge, however, is clearly inapposite here.

To sustain such a challenge, a claimant "must show some direct, final agency action involving the particular" claimant. <u>See</u> <u>Dunn-McCampbell Royalty Interest, Inc. v. National Park Service</u>, 112 F.3d 1283, 1287 (5th Cir. 1997).   There must be some

2

application of the rule to the claimant. <u>Id.</u> Here, neither the USDA nor the FSIS has taken any specific action against any of the plaintiffs pursuant to 7 C.F.R. § 1b.4. Indeed, the Interim Final Rule establishing a voluntary fee-for-service program for ante-mortem inspections and serving as the basis for plaintiffs' collateral attack on 7 C.F.R. § 1b.4 does not apply to plaintiffs but to official establishments that slaughter horses for meat and meat products. Accordingly, plaintiff's argument based on an "as applied" challenge to 7 C.F.R. § 1b.4 lacks merit.

Further, the District of Columbia Circuit has held that "a statutory review period <u>permanently</u> limits the time within which a [plaintiff] may [claim] that an agency action was procedurally defective, [and] a claim that agency action was violative of statute may be raised outside a statutory limitations period, [only] by filing a petition for amendment or rescission of the agency's regulations, and challenging the denial of that petition." <u>Public Citizen v. Nuclear Regulatory Com'n</u>, 901 F.2d 147, 152 (D.C. Cir. 1990)(emphasis added); <u>see also</u> <u>Wind River Mining Corp. v. United States</u>, 946 F.2d 710, 715 (9th Cir. 1991)(a claimant may contest an agency decision as exceeding the agency's constitutional or statutory authority "but only by petitioning the agency to review the application of the regulation to the particular [claimant].") Here, plaintiffs in this suit have not filed a petition for amendment or rescission

3

of 7 C.F.R. § 1b as applied to them.  Therefore, on this basis as well, this Court lacks jurisdiction to hear plaintiffs' untimely challenge to that regulation.  <u>Dunn-McCampbell Royalty Interest, Inc.</u>, 112 F.3d at 1287-88.

## II. The Interim Final Rule Does Not Trigger NEPA Procedural Requirements.

Plaintiffs, in their opposition memorandum, fail to undermine the federal defendants' argument that the fee-for-service Interim Final Rule merely changes the method by which one of the FSIS's longstanding programmatic duties is funded, and thus, simply maintains the status quo ante - a circumstance that does not constitute a "major federal action" for purposes of triggering NEPA procedural requirements.  Indeed, <u>Alliance for Bio-Integrity v. Shalala</u>, 116 F.Supp.2d 166 (D.D.C. 2000) to which plaintiffs cite extensively, makes clear that "agency decisions that maintain the <u>substantive</u> status quo do not constitute major federal actions under NEPA." <u>Id.</u> at 174 (emphasis added).

Further, the court in <u>Alliance for Bio-Integrity</u> stated that agencies are afforded wide discretion in interpreting regulations, and an agency's interpretation of what constitutes "major federal action" will be upheld unless the interpretation is found to be arbitrary and capricious. <u>Id.</u>  The fee-for-service Interim Final Rule describes an administrative means of effectuating the FSIS's longstanding meat safety inspection

4

programmatic obligations.  The federal defendants' interpretation that the Rule does not disturb the FSIS's *substantive* programmatic obligations under the FMIA is eminently reasonable. Plaintiffs, in fact, fail to cite to any case law that pointedly and persuasively demonstrates the contrary.  Accordingly, because NEPA was not triggered by publication of the fee-for-service Interim Final Rule, plaintiffs' NEPA claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### III. Rulemaking Related to 7 C.F.R. § 1b.4 Reflects the USDA's Consideration of NEPA-Related Issues of FSIS Programs.

Plaintiffs' argument that the USDA has not considered the environmental impacts of its meat inspection program, Pls.' Op. at 7, is essentially belied by the promulgation of 7 C.F.R. § 1b.4.  Although the internal agency records on this twenty-three year old regulation may not be as comprehensive today as they were during its initial promulgation given the passage of time and in all likelihood federal record retention policies, the regulation itself evidences that a determination was made that FSIS activities have no significant environmental impact.  See 7 C.F.R. § 1b.

Importantly, the Council on Environmental Quality's ("CEQ") implementing regulations require an agency to submit their NEPA implementing rules to CEQ for its review and approval prior to the agency publishing such rules in the Federal Register. 40 C.F.R. § 1507.3(a).  The Federal Register Notice preceding

promulgation of 7 C.F.R. § 1b.4 implicitly evidences that the appropriate review and approval occurred.  <u>See</u> Revision of National Environmental Policy act (NEPA) Policies and Procedures, 47 Fed. Reg. 42,364 (Sept. 27, 1982)(AR00062, April 12, 2006). Additionally, the proposed rule for 7 C.F.R. § 1b.4 was subjected to notice and comment, and there is no indication suggesting that commenters or CEQ for that matter considered the exclusion improper or contrary to law.  <u>Id.</u>; <u>see also</u> AR00064 - 65. Furthermore, since publishing the Rule, the FSIS has reiterated that its statutory obligations under the Federal Meat Inspection Act, 21 U.S.C. § 601, <u>et</u> <u>seq.</u> and the Poultry Products Inspection Act, relate primarily to *food inspection*-related programs, activities which do not affect the environment.  <u>See</u> R. 37, Ex. 6.  Accordingly, plaintiffs' allegation that the federal defendants have not considered the environmental impacts of the inspection programs at issue is without merit.

### **CONCLUSION**

For reasons stated herein, and in the federal defendants' dispositive motion and opposition to plaintiffs' dispositive motion, plaintiffs' NEPA claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  Alternatively, summary judgment should be granted to federal defendants pursuant to Fed. R. Civ. P. 56 because there are no material facts in dispute and the federal defendants are entitled to judgment as a matter of law.

Date: May 26, 2006                    Respectfully Submitted,


                                      /s/ Kenneth L. Wainstein /kvm
                                      _____
                                      KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                      United States Attorney


                                      /s/ Rudolph Contreras
                                      _____
                                      RUDOLPH CONTRERAS, D.C. BAR #434122
                                      Assistant United States Attorney


                                      /s/ Beverly M. Russell
                                      _____
Of Counsel:                           BEVERLY M. RUSSELL, D.C. Bar #454257
Thomas Bolick, Esq./                  Assistant United States Attorney
Rick Herndon, Esq.                    U.S. Attorney's Office for the
U.S. Dept. of Agriculture               District of Columbia
                                      555 4th Street, N.W., Rm. E-4915
                                      Washington, D.C.  20530
                                      Ph:  (202) 307-0492