UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HUMANE SOCIETY<br>OF THE UNITED STATES, ET AL.<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>MIKE JOHANNS, ET AL.<br><br>　　　　　Defendants. | Civ. No. 1:06CV00265 (CKK) |

### DECLARATION OF REBECCA G. JUDD

I, REBECCA G. JUDD, hereby declare as follows:

1. I am an attorney with The Humane Society of the United States ("The HSUS"), one of the plaintiff organizations in the above-entitled action. I have personal knowledge of all the facts stated in this declaration and, if called to testify, I could and would competently testify to the facts set forth herein.

2. On February 8, 2006, on behalf of The HSUS and pursuant to the Federal Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, I made an expedited request for any and all records that pertained to the U.S. Department of Agriculture's ("USDA") decision to issue an Interim Final Rule Establishing Voluntary Fee-For-Service Ante-Mortem Inspection of Horses ("Interim Final Rule"), 71 Fed. Reg. 6337 (Feb. 8, 2006).

3. On May 16, 2006, in response to our expedited FOIA request, the FOIA Officer from the Food Safety and Inspection Service ("FSIS") of the USDA agreed that The HSUS could send representative(s) to review the numerous public comments that were received by the USDA in response to the Interim Final Rule.

4. On Thursday, June 8, 2006, myself and a law clerk from The HSUS visited the

Docket Room of the USDA Annex Building to review the public comments.

5. We reviewed approximately 700 hard copy comments, approximately 200 of which were substantive comments. We also reviewed seven CD-Roms that contained approximately 55,608 email comments.

6. We also reviewed an additional, approximate 320 electronic comments that are available online at FSIS' portal website at www.regulations.gov. However, the nearly 60,000 comments housed at the USDA Docket Room are not listed on this website.

7. Out of the nearly 60,000 public comments that were submitted in response to the Interim Final Rule, over ninety-five percent were in opposition to the rule. Many commentors argued that the fee-for-service program would be contrary to the expressed intent of Congress in passing the Agriculture Appropriations Amendment to *stop* the use of USDA inspectors for ante-mortem inspection of horses at the three horse slaughter plants in the United States. Commentors also argued more generally that the Interim Final Rule violated federal law.

8. Additionally, a significant number of commentors expressed concerns about the inhumane nature of horse slaughter, citing the barbaric slaughter process itself and the cruel confinement of horses in double-decker transport trailers. Further, several commentors cited to the health and environmental effects of the horse slaughter plants on local communities, such as the City of Kaufman, Texas.

9. In my visit to the USDA Docket Room, I did not see any evidence that FSIS had begun to review or consider the nearly 60,000 public comments that were received in response to the Interim Final Rule. The approximately 700 hard copy comments were haphazardly organized in various file folders. Further, the seven CD-Roms were confusingly labeled, and two of the CD-Roms could not be reviewed because the comments were located in a locked

personal folder.

10.   To date, FSIS has not issued a Final Rule on the fee-for-service program implemented in the Interim Final Rule, and has not otherwise responded to the numerous comments submitted in response to FSIS's request for comment.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Rebecca G. Judd

September 8, 2006