IN THE UNITED STATES DISTRICT COURT
FOR THE DISTICT OF COLUMBIA

|  |  |
|---|---|
| THE HUMANE SOCIETY OF <br> THE UNITED STATES, et al. <br>     Plaintiffs, <br><br> v. <br><br><br> MIKE JOHANNS, Secretary <br> United States Department of Agriculture, et al. <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. No. 1:06cv00265 (CKK) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT-INTERVENORS' CROSS-MOTION FOR SUMMARY JUDGMENT
ON CLAIM ONE OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant-Intervenors Beltex Corporation ("Beltex"), Cavel International, Inc. ("Cavel"), and Dallas Crown, Inc. ("Dallas Crown") hereby move this Court to grant Defendant-Intervenors' Cross-Motion for Summary Judgment on Claim One of Plaintiff's First Amended Complaint for the reasons provided in Defendant-Intervenors' Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment on Claim One, as well as for those reasons articulated by the Government Defendants in their brief.

                                                         Respectfully submitted,

                                                         /s/ James P. Murphy
                                                         James P. Murphy, Esq. (D.C. Bar No. 380857)
                                                         Katherine L. Halpin, Esq. (D.C. Bar No. 494139)
                                                          SQUIRE, SANDERS & DEMPSEY L.L.P.
                                                         1201 Pennsylvania Ave., N.W.
                                                         Suite 500
                                                         Washington, DC 20004
                                                         Telephone: 202.626.6600
                                                         Fax: 202.626.6780

Date: September 19, 2006                     *Attorneys for Defendant-Intervenors*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTICT OF COLUMBIA

|  |  |
|---|---|
| THE HUMANE SOCIETY OF <br> THE UNITED STATES, et al. <br>     Plaintiffs, <br><br> v. <br><br><br> MIKE JOHANNS, Secretary <br> United States Department of Agriculture, et al. <br><br>     Defendants. | Civ. No. 1:06cv00265 (CKK) |

**DEFENDANT-INTERVENORS'**
**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1.  On November 10, 2005, the President signed into law the Fiscal Year 2006 Appropriations Act, which changed the funding arrangement for ante-mortem and transportation-related inspections of horses. Section 794 of the Appropriations Act provides:

> Effective 120 days after the date of enactment of this Act, none of the funds made available in this Act may be used to pay the salaries or expenses of personnel to inspect horses under Section 3 of the Federal Meat Inspection Act (21 U.S.C. 603) or under the guidelines issued under section 903 of the Federal Agriculture Improvement and Reform Act of 1996 (7 U.S.C. 1901 note; Public Law 104-127).

Agriculture, Rural Development, Food and Drug Administration, and Related Agencies Appropriations Act of November 10, 2005, Pub. L. 109-97, § 794 ("Appropriations Act").

2.  The Appropriations Act did not affect the United States Department of Agriculture's ("USDA") and its Food Safety Inspection Service's ("FSIS") obligation to inspect horses before they are slaughtered. In the Conference Report that attended the Appropriations Act, the House and Senate conferees stated that "[i]t is the understanding of the conferees that

the Department is obliged under existing statutes to provide for the inspection of meat intended for human consumption (domestic and exported)." H.R. REP. NO. 109-255 at 107 (2005).

3. The Federal Meat Inspection Act, 21 U.S.C. § 601 *et seq.*, ("FMIA"), requires continuous government inspection at establishments that slaughter livestock to prevent the inhumane treatment of the animals and the distribution of adulterated meat food products. Specifically, FMIA requires that the Secretary of Agriculture

> shall cause to be made, by inspectors appointed for that purpose, an examination of all amenable species before they shall be allowed to enter into any slaughtering, packing, meat-canning, rendering or similar establishment, in which they are to be slaughtered and the meat and meat food products thereof are to be used in commerce.

21 U.S.C. § 603(a), as amended by the Appropriations Act. "Amenable Species" includes all species subject to the provisions of FMIA as of the day before the Appropriations Act was signed into law. These species include "cattle, sheep, swine, goats, horses, mules, and other equines." Appropriations Act § 98.

4. Congress has noted that the public has an interest in ensuring that the mandate of the FMIA is enforced. In the "findings" section of the Act, Congress found that "it is essential in the public interest that the health and welfare of consumers be protected by assuring that meat and meat food products," such as horse meat distributed both within the United States and via foreign commerce, are "wholesome" and "not adulterated." 21 U.S.C. § 602. "Unwholesome, adulterated, or misbranded meat or meat food products impair the effective regulation of meat and meat food products in interstate or foreign commerce, are injurious to the public welfare, destroy markets for wholesome, not adulterated, and properly labeled and packaged meat and meat food products, and result in sundry losses to livestock producers and processors of meat and meat food products, as well as injury to consumers." *Id.*

5. On November 23, 2005, Beltex Corporation, Dallas Crown, Inc. and Cavel International, Inc., Defendant-Intervenors in this above-captioned action and the only three horse slaughtering facilities in the country, petitioned the USDA and FSIS to promulgate an Interim Final Rule "to provide for voluntary 'fee-for-service' ante-mortem inspection of horses and transportation-related inspection of equines to slaughter." Petition of Beltex Corporation, Dallas Crown, Inc. and Cavel International, Inc. for Emergency Rulemaking to Provide for Voluntary, Ante-Mortem Inspection of Horses and Related Relief ("Petition").

6. On February 8, 2006, the FSIS published an Interim Final Rule "amending the Federal meat inspection regulations to provide for a voluntary fee-for-service program under which official establishments that slaughter horses will be able to apply for and pay for ante-mortem inspection." 71 *Fed. Reg.* 6,337, 6,341 (Feb. 8, 2006) (to be codified at 9 C.F.R. § 352). The Interim Final Rule was to become effective on March 10, 2006.

7. The FSIS adopted the Interim Final Rule without prior notice and comment. *Id.* at 6,340. The Administrator determined that "prior notice and opportunity for comment are impracticable and contrary to the public interest" under the Administrative Procedures Act, 5 U.S.C. § 553(b), and that there exists "good cause" for making the action immediately effective on March 10, 2006.

8. In the portion of the *Federal Register* publication which discussed the "Need for Immediate Action," the FSIS noted that the "adoption of this interim final rule without prior notice and an opportunity to comment is appropriate and necessary following enactment of the FY 2006 Appropriations Act." 71 *Fed. Reg.* at 6,340. A discussion of two ramifications of the Appropriations Act followed: (a) "horses slaughtered for human food continue to be subject to all requirements of the FMIA, including the requirements for ante-mortem inspection...," and

(b) without "establish[ing] a means for official establishments that slaughter horses to obtain ante-mortem inspection, these establishments will not be able to operate and presumably will be forced out of business." *Id.*

                                  Respectfully submitted,

                                  /s/ James P. Murphy
                                  James P. Murphy, Esq. (D.C. Bar No. 380857)
                                  Katherine L. Halpin, Esq. (D.C. Bar No. 494139)
                                  SQUIRE, SANDERS & DEMPSEY L.L.P.
                                  1201 Pennsylvania Ave., N.W.
                                  Suite 500
                                  Washington, DC  20004
                                  Telephone:  202.626.6600
                                  Fax:  202.626.6780

Date:  September 19, 2006              *Attorneys for Defendant-Intervenors*