UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE HUMANE SOCIETY** <br> **OF THE UNITED STATES, ET AL.** <br><br> Plaintiffs, <br> v. <br><br> **MIKE JOHANNS, ET AL.** <br><br> Defendants. | Civ. No. 1:06CV00265 (CKK) |

**PLAINTIFFS' NOTICE OF RECENT DEVELOPMENTS
BEARING ON PENDING MOTIONS FOR SUMMARY JUDGMENT
AND REQUEST FOR ORAL ARGUMENT**

Plaintiffs wish to inform the Court of several recent developments pertinent to the pending cross-motions for summary judgment in this action. In addition, plaintiffs respectfully request a hearing on the pending motions for summary judgment.

### Background

This case challenges a Final Rule issued by the United States Department of Agriculture's Food Safety and Inspection Service ("FSIS") that, for the first time, authorizes horse slaughter plants to pay for the services of USDA inspectors conducting the inspections required by the Federal Meat Inspection Act ("FMIA"). 21 U.S.C. § 603. The Final Rule was issued – without any advance notice and public comment, or review under the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, et seq. – in response to a provision of the Fiscal Year 2006 Agricultural Appropriations Act, P. L. 109-97, prohibiting FSIS itself from spending appropriated funds to pay for these inspections. AR 51.

Two separate cross-motions for summary judgment are currently pending before the Court: (a) plaintiffs' Claim that FSIS violated NEPA by issuing the Final Rule without first preparing an Environmental Assessment or Environmental Impact Statement, and (b) their Claim that FSIS violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 553, by issuing the Final Rule without any advance notice and comment. During briefing on the APA claim, FSIS argued that it had complied with the APA because it solicited public comment when the Rule was issued, and it is "developing responses to the comments . . . ." Def. Opp. to Pl. Mot. for Sum. Jud. at 24, n.13 (Sept. 20, 2006).

## Discussion

Plaintiffs wish to bring to the Court's attention two matters relevant to the resolution of the pending summary judgment motions:

1.  On February 15, 2007, the President signed Public Law 110-5, which continues the Fiscal Year 2006 appropriations bills for many agencies, including the USDA, through fiscal year 2007 – i.e., September 30, 2007. As a result, although the appropriations restriction on funding inspectors contained in the Fiscal Year 2006 Agricultural Appropriations Act might otherwise have expired, that restriction will continue at least until the end of the *current* fiscal year. See Associated Builders & Contractors, Inc. v. Herman, 976 F. Supp. 1, 4 (D.D.C. 1997). Moreover, since the Final Rule permits the fee-for-service program to continue even *after* the funding restriction is lifted, the Rule will have continuing vitality even after the end of the current fiscal year.[1]

---

[1] The funding restriction may be included once again in the Fiscal Year 2008 USDA appropriations law, which would extend its effect even longer. For example, for the past three years the Department of Interior appropriations bill has included a restriction concerning the

2.       Almost six months after USDA indicated that it is working on responding to the public comments submitted on the Final Rule, and more than thirteen months after that comment was solicited, USDA *has still not issued a Final Rule responding to public comment*. Accordingly, it is evident that USDA has no intention of *ever* responding to those comments, which further undermines their central notice and comment defense – *i.e.,* that the agency complied with the notice and comment requirements by seeking, and considering, post-promulgation comments. Given that agency will continue to utilize the Final Rule for the foreseeable future, then, this failure further supports plaintiffs' contention that, at bare minimum, FSIS must subject its Rule to the notice and comment process required by the APA.

*       *       *

Finally, plaintiffs respectfully request that the Court schedule an oral argument on the pending summary judgment motions.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Of Counsel: |  |
| Rebecca G. Judd (D.C. Bar No. 486315 | _____/s/_____ |
| Ethan Carson Eddy (D.C. Bar No. 496406) | Howard M. Crystal (D.C. Bar. No. 446189) |
| Jonathan R. Lovvorn (D.C. Bar No. 461163) | Eric R. Glitzenstein (D.C. Bar No. 358287) |
| The Humane Society of the United States | Meyer Glitzenstein & Crystal |
| 2100 L St., N.W. | 1601 Conn. Ave., N.W., Suite 700 |
| Washington, D.C. 20037 | Washington, D.C. 20009 |
| (202) 676-2333 | (202) 588-5206 |
| March 8, 2007 | Counsel for Plaintiffs |

---

regulations governing snowmobile use in Yellowstone National Park. See Pub. Law 108-447, Div. E, Title 1, § 146 (2005); Pub. Law 109-54, § 126 (2006); Pub. Law 109-383, § 135 (2007).