# Exhibit 3 to Plaintiffs' Opposition to Defendant-Intervenor's Emergency Motion for a Stay

# Civ. No. 06-0265 (CKK)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HUMANE SOCIETY<br>OF THE UNITED STATES, ET AL.<br><br>Plaintiffs,<br>v.<br><br>MIKE JOHANNS and<br>BARBARA J. MASTERS,<br>U.S. Department of Agriculture<br><br>Defendants,<br><br>BELTEX CORPORATION,<br>CAVEL INTERNATIONAL, INC., and<br>DALLAS CROWN, INC.<br><br>Defendant-Intervenors. | Civ. No. 06-0265 (CKK) |

### DECLARATION OF ANITA FAY

I, Anita Fay, declare as follows:

1. I am a member of The Humane Society of The United States ("The HSUS") because I am concerned about animal protection and environmental issues, such as the slaughter of horses at the Cavel International, Inc. ("Cavel") plant in DeKalb, Illinois.

2. I am a thirty-four year resident of DeKalb, Illinois. My home is located at 1705 July Lane, approximately two miles from the Cavel horse slaughter plant.

3. I am very concerned about horses suffering at Cavel. It greatly upsets me to know that if Cavel reopens, healthy and majestic horses will again be slaughtered in my community. I am also concerned about the environmental impacts of the Cavel horse slaughterhouse.

4.  I regularly visit Hopkins Park, a city park that runs along the Kishwaukee River. I routinely walk along the river and enjoy viewing and photographing the wildlife that visit and live in the river, such as herons, fish, and other waterfowl. I also enjoy observing children that fish, wade, and play in the river.

5.  It is common knowledge in my community that Cavel has failed to comply with local wastewater pretreatment standards, issued by the local sanitary district. The sanitary district then discharges the wastewater into the Kishwaukee River. It has also been reported that Cavel may have discharged or has the potential to discharge pollutants directly into the river without a permit. I was also appalled to read in the local newspaper that Cavel's wastewater holding tank has been oozing green, foamy polluted wastewater, which may have the potential of seeping into the community's groundwater or the river that I routinely use.

6.  I know that the local sanitary district has fined Cavel thousands of dollars for its repeated water pollution violations over the last several years and that Cavel's wastewater discharge permit will be terminated if it does not come into compliance by May 31, 2007. As a result, my aesthetic and recreational enjoyment of the river has been lessened by Cavel's excess pollutant discharges since 2004.

7.  Cavel's water pollution problems and inhumane horse slaughter operations are a "black eye" for the community of DeKalb, Illinois. Therefore, I am happy that the recent court order has vacated the federal agency rule authorizing Cavel to pay for the required federal inspections, thereby resulting in the plant shutting down and preventing further water pollution violations. However, if the court's order is stayed or overturned, and the plant is allowed to reopen, then Cavel's excess wastewater pollutant discharges will resume, thereby harming my ability to use and enjoy the river.

8. I am also concerned that the close location of the Cavel plant has already reduced the property value of my home and the community. If the plant is permitted to resume operation, my home's value will not have a chance to improve and may continue to decline.

9. I was also deprived of the right to participate in any environmental review process before the federal agency issued its rule circumventing Congress's decision to stop paying for horse slaughter inspections. Because this rule allowed the horse slaughterhouses to operate despite the federal law, the rule also enabled Cavel's excess wastewater pollutant discharges to continue. I believe that, had I been given a chance to comment on Cavel's serious water pollution problems, the agency might have made a different decision. I believe that the federal agency should carefully consider the environmental impacts of Cavel's water pollution. If Cavel starts operating before there is any environmental review, my right to comment on impacts of this operation on my home and community will be rendered meaningless.

10. Pursuant to 28 U.S.C. § 1746, I declare, under the penalty of perjury, that the foregoing statements are true and correct to the best of my knowledge.

*Anita Fay*
Anita Fay

Dated: April 2, 2007

3