# Exhibit 4 to Plaintiffs' Opposition to Defendant-Intervenor's Emergency Motion for a Stay

# Civ. No. 06-0265 (CKK)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES, ET AL. <br><br> Plaintiffs, <br><br> v. <br><br> MIKE JOHANNS and BARBARA J. MASTERS, U.S. Department of Agriculture <br><br> Defendants, <br><br> BELTEX CORPORATION, CAVEL INTERNATIONAL, INC., and DALLAS CROWN, INC. <br><br> Defendant-Intervenors. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civ. No. 06-0265 (CKK) |

## DECLARATION OF ELIZABETH KERSHISNIK

I, Elizabeth Kershisnik, declare as follows:

1.      I am a member of The Humane Society of The United States ("The HSUS"). I joined The HSUS so that it would represent my interests in preventing the slaughter of horses at the Cavel International, Inc. ("Cavel") plant in DeKalb, Illinois.

2.      My family has lived in DeKalb, Illinois for nearly nine years. Our current address of five years is 135 Devonshire Drive. Our home is located less than one mile from the Cavel facility.

3.      For the past several years, my family and I have had to endure the stench of Cavel. It is especially bad during the summer months, and the odor is evident several times a week.

4.     From reading articles in the local newspapers, I am aware that Cavel has had ongoing water pollution violations since 2004 and has been fined heavily by the local sanitary district. I recently learned that Cavel's wastewater ends up in the Kishwaukee River. I am greatly concerned about this, because my home and subdivision is located only one block from the river, and I used to allow my children to play in the river during the summer. Because I am worried that the river may be polluted, I will no longer let my kids play in the river. As a result, my family's aesthetic and recreational enjoyment of the river has been lessened by Cavel's excess wastewater pollutant discharges.

5.     I also drive by the Cavel slaughterhouse once or twice a month while running errands, and I have seen the polluted, green foam oozing from the plant's wastewater treatment tank. I am worried that the tank's polluted wastewater is seeping into the river and our groundwater.

6.     I am very relieved that the recent court order has vacated the federal agency rule allowing Cavel to pay for required federal inspections, thus resulting in shut-down of the plant. However, if the court's decision is stayed, and Cavel is permitted to reopen and resume its horse slaughtering operations, the water pollution violations, odor, and other problems will occur again, and my and my family's ability to enjoy our home and the nearby river will again be harmed.

7.     Cavel has given DeKalb a bad reputation, and due to the proximity of our home and subdivision to the plant, I am concerned about declining property value, as the smell of the plant, along with its water pollution problems, may drive away potential buyers. If the plant is allowed to reopen, I believe the value of my home may decrease.

8.    I was also deprived of the right to participate in any environmental review process before the federal agency issued its rule allowing the horse slaughter plants to pay the salaries and expenses of federal meat inspectors. Because this rule allowed the plants to operate despite Congress's decision to de-fund horse slaughter, the rule also enabled Cavel's water pollution violations and stench to continue. I believe that, had I been given a chance to comment on Cavel's environmental, community, and neighborhood impacts, the agency might have made a different decision. I believe that the federal agency should carefully consider the environmental impacts of Cavel's water pollution. If Cavel reopens before there is any environmental review, my right to comment on the operation's impacts to my home and family will be rendered meaningless. As a result, my ability to fully participate in a meaningful environmental review process will be irreparably harmed.

9.    Pursuant to 28 U.S.C. § 1746, I declare, under the penalty of perjury, that the foregoing statements are true and correct to the best of my knowledge.

Elizabeth Kershisnik

Dated: April 3, 2007

3