# Exhibit 7 to Plaintiffs' Opposition to Defendant-Intervenor's Emergency Motion for a Stay

# Civ. No. 06-0265 (CKK)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE HUMANE SOCIETY OF THE UNITED STATES, ET AL.**<br><br>Plaintiffs,<br><br>v.<br><br>**MIKE JOHANNS** and **BARBARA J. MASTERS,**<br>U.S. Department of Agriculture<br><br>Defendants,<br><br>**BELTEX CORPORATION, CAVEL INTERNATIONAL, INC.,** and **DALLAS CROWN, INC.**<br><br>Defendant-Intervenors. | Civ. No. 06-0265 (CKK) |

## DECLARATION OF STACEY POLCYN

I, Stacey Polcyn, declare as follows:

1. I am a member of The Humane Society of The United States ("The HSUS"). I joined The HSUS to further my interests in various animal protection issues, including stopping the slaughter of horses at the Cavel International, Inc. ("Cavel") plant in DeKalb, Illinois.

2. I have lived in DeKalb, Illinois since May 2003. My home is located at 818 Sharon Drive, a few miles away from the Cavel horse slaughter plant.

3. I regularly visit the city parks that run along the Kishwaukee River, as I live only a few blocks from the river. I routinely walk my dogs along the river. During the summer, my husband and stepson frequently go fishing in the river.

4. From articles in the local newspaper, I am very much aware that Cavel has been violating local wastewater pretreatment standards since 2004 and has been fined heavily by the local sanitary district. Because this wastewater ends up in the Kishwaukee River, my family's aesthetic enjoyment of the river has been lessened by Cavel's excess pollutant discharges. I was also disgusted to find out that Cavel's wastewater treatment tank has been oozing polluted wastewater, which may have the potential of seeping into groundwater or the river that I routinely use.

5. Also, since learning that The HSUS has notified Cavel of over 145 total violations of federal water pollution laws, including potentially unlawful discharges of pollutants directly into the Kishwaukee River without a permit, I am more concerned about the river's water pollution. As a result, my aesthetic and recreational enjoyment, and that of my husband's and stepson's, of the river has been further decreased.

6. I am relieved that the recent court order has vacated the federal agency rule that allowed Cavel to continue slaughtering horses, thereby suspending Cavel's operations and stopping Cavel's wastewater violations. However, if the court's decision is stayed, then Cavel's excess pollutant discharges will resume, and my and my family's ability to use and enjoy the river will again be harmed.

7. Cavel's water pollution problems and inhumane horse slaughter operations have given our community a bad reputation. Therefore, I am also concerned that the close location of the Cavel plant has already reduced my home's property value. If the plant is permitted to reopen, my property value may continue to decline.

8. I was also deprived of the right to participate in any environmental review process before the federal agency issued its rule authorizing horse slaughter plants to pay the salaries and

expenses of federal meat inspectors. Because this rule allowed the plants to operate despite Congress's decision to de-fund horse slaughter, the rule also enabled Cavel's excess wastewater pollutant discharges to continue. I believe that, had I been given a chance to comment on Cavel's serious water pollution problems, the agency might have made a different decision. As a result, I am now looking forward to participating in the environmental review process that will occur as a consequence of the court's decision. I believe that the federal agency should thoroughly consider the environmental impacts of Cavel's water pollution violations before the plant is allowed to resume killing horses. If Cavel reopens before there is any environmental analysis, my right to comment on impacts to my home and family will be rendered meaningless. As a result, my ability to fully participate in a meaningful environmental review process will be irreparably harmed.

9. Pursuant to 28 U.S.C. § 1746, I declare, under the penalty of perjury, that the foregoing statements are true and correct to the best of my knowledge.

Stacey Polcyn

Dated: April 3, 2007

3