UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **THE HUMANE SOCIETY** <br> **OF THE UNITED STATES, ET AL.** <br><br> Plaintiffs, <br> v. <br><br> **MIKE JOHANNS, ET AL.** <br><br> Defendants. | ) <br> ) <br> ) <br> ) Civ. No. 1:06CV00265 (CKK) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' EXPEDITED MOTION FOR RELIEF
UNDER FED. R. CIV. P. 60(b) AND
<u>MEMORANDUM IN SUPPORT THEREOF</u>**

Plaintiffs hereby respectfully move the Court, under Fed. R. Civ. P. 60(b), to reinstate plaintiffs Claim One and hence to resolve the merits of the parties' "fully briefed" cross-motions for summary judgment concerning plaintiffs' claim that "'[b]y creating a fee-for-service ante-mortem slaughter inspection system without providing advance public notice and an advance opportunity to comment, USDA has violated the Administrative Procedure Act, 5 U.S.C. § 553.'" 3/28/07 Mem. Op. (Doc. 68) at 2 (quoting Am. Compl. ¶ 94).

The reason for this motion is that, although the Court deemed it unnecessary, in its March 28, 2007 summary judgment ruling, to resolve the merits of the notice and comment claim in light of the relief the Court awarded on alternate grounds, <u>see</u> 3/28/07 Mem. Op. at 2-3, the D.C. Circuit has since stayed the Court's ruling on those grounds and, as a result, the rule at issue in this case has been effectively reinstated. Accordingly, as further explained below, it now *is* necessary and appropriate that plaintiffs' notice and comment claim be resolved and thus this is a situation in which there is a compelling "reason justifying relief from the operation" of the

Court's Order, Fed. R. Civ. P. 60(b), "deny[ing] as moot Plaintiffs' Motion for Summary Judgment on Claim One." Id. at 3. In addition, for the reasons set forth below, plaintiffs respectfully request that the Court expedite its consideration of this matter so that plaintiffs may either obtain relief on Claim One or, in the alternative, so that the claim may be addressed in the court of appeals along with intervenor Cavel's pending appeal of the Court's March 28, 2007 merits ruling.[1]

## BACKGROUND

Because the Court has recently set forth in detail the procedural and factual background of this case, see 3/28/07 Mem. Op. at 3-7, plaintiffs will only highlight those few matters that are pertinent to this motion. In its March 28, 2007 ruling, the Court held that federal defendants had violated the National Environmental Policy Act, 42 U.S.C. § 4321 et seq. ("NEPA"), and hence granted plaintiffs' motion for summary judgment on Claim Three in plaintiffs' Amended Complaint. On that basis, the Court "declare[d] the Interim Final Rule to be in violation of the APA and NEPA, vacate[d] the Interim Final Rule, and permanently enjoin[ed] the Food Safety and Inspection Service ["FSIS'] of the USDA from implementing the Interim Final Rule." 3/28/07 Mem. Op. at 2. "Accordingly," the Court held that it "need not reach the issue of whether the Notice and Comment provisions of the APA were violated in the promulgation of

---

[1] Because the only matter presently pending in the Court of Appeals is Cavel's appeal of this Court's resolution of Claim Three in favor of plaintiffs, see 4/13/07 Notice of Appeal (Doc. 76), there is no jurisdictional barrier to the Court's reinstatement and resolution of Claim One. It is well-settled that a notice of appeal only "divests the district court over those aspects of the case involved in the appeal." United States v. DeFries, 129 F.3d 1293, 1302 (D.C. Cir. 1997) (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). Because Claim One is not "involved in" Cavel's appeal, id., this Court clearly has jurisdiction to reinstate and resolve the claim.

2

the Interim Final Rule at issue such that the Court shall deny as moot" plaintiffs' motion for summary judgment on their claim under 5 U.S.C. § 553. Id. at 2-3; see also 3/28/07 Order (Doc. 67) at 2 (denying as "moot" all pending summary judgment motions on Claim One).

Cavel, but not the federal defendants or two other intervenors, subsequently moved for a stay pending appeal, first in this Court and then in the Court of Appeals. This Court denied that stay motion in another extensive ruling on April 13, 2007. However, on May 1, 2007, in a 2-1 decision, the Court of Appeals granted Cavel's emergency motion for a stay, thus allowing Cavel to resume the horse slaughter operations that had been enjoined by this Court on NEPA grounds. See Exh. A.

The Court of Appeals majority held that Cavel "has made a sufficient showing to justify a stay pending appeal," id. at 1, but did not otherwise explain the basis for its decision. Judge Rodgers dissented on essentially the same grounds that had been proffered by this Court for denying the stay pending appeal, i.e., "Cavel failed to demonstrate a likelihood of success on the merits" of the NEPA issue; Cavel had offered only "conclusory" assertions in support of its assertion of irreparable injury; and the "likely harm to others and the public interest also weigh against a stay" because "Congress found real environmental harm and public health risks attendant to the slaughtering operations." Exh. A, Dissent. Op. at 1-2. In any event, because the Court of Appeals' majority stayed the effect of the Court's ruling for plaintiffs on their NEPA claim, Cavel may now once again slaughter horses for human consumption in reliance on the rule at issue.

**DISCUSSION**

Under Fed. R. Civ. P. 60(b) the "court may relieve a party . . . from a final judgment,

3

order, or proceeding" for various enumerated reasons, including that "it is no longer equitable that the judgment should have prospective application," id. at R. 60(b)(5), as well as for any "other reason justifying relief."  Id. at R. 60(b)(6).  Thus, Rule 60(b) motions may be granted based on a "'significant change either in factual conditions or the law,'" Agostini v. Felton, 521 U.S. 203, 215 (1997) (quoting Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 388 (1992)), as well as any other equitable reasons justifying "mak[ing] an exception to [the] finality" of judicial decrees.  Gonzalez v. Crosby, 545 U.S. 524, 529 (2005).  As this Court has recently reaffirmed, "Rule 60(b) 'gives the district judge broad latitude to relieve a party from a judgment'" or order, Elliott v. Federal Bureau of Prisons, 2006 WL 3826930 * 3 (D.D.C. 2006) (quoting Richardson v. National Railroad Passenger Corp., 49 F.3d 760, 765 (D.C. Cir. 1995)), although the rule "should be only sparingly used" in those circumstances that genuinely warrant relief from a prior disposition.  Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980); see also Elliott, 2006 WL 3826930 at * 2 ("The Rule was intended to preserve 'the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts.'") (quoting Bankers Mortgage Co. v. United States, 423 F.2d 73, 77 (5th Cir.), cert. denied, 399 U.S. 927 (1970)).

      Plaintiffs respectfully submit that this is one of the limited circumstances in which Rule 60(b) relief is appropriate.  In requesting that the Court simply reinstate and resolve plaintiffs' notice and comment claim, plaintiffs are certainly not invoking Rule 60(b) to "rescue [plaintiffs] from strategic choices that later turn out to be improvident."  Elliott, 2006 WL 3826930 at * 2.  Rather, from the outset of this case, plaintiffs have argued strenuously that FSIS clearly violated 5 U.S.C. § 553 by adopting a new inspection rule without first considering and addressing public

4

comments.

Accordingly, plaintiffs are now seeking reinstatement and resolution only because the sensible factual and legal premise underlying the Court's prior determination that it was unnecessary to resolve Claim One – i.e., that the horse slaughter operations would cease by virtue of the Court's NEPA ruling, and hence that the notice and comment claim was, as a practical matter, "moot" – is no longer valid in view of the Court of Appeals' stay of this Court's NEPA ruling. Indeed, under the present circumstances, the Court's resolution of plaintiffs' notice and comment claim would have significant practical and legal consequences.

Thus, if the Court were to reinstate and then grant plaintiffs summary judgment on Claim One, the Court should craft appropriate relief under the APA on that distinct and previously unresolved claim. Ordinarily, of course, such relief would be immediate vacatur of the rule pending FSIS's compliance with 5 U.S.C. § 553. See American Bioscience, Inc. v. Thompson, 269 F.3d 1077, 1084 (D.C. Cir. 2001) (If a party "prevails on its APA claim, it is entitled to relief under that statute, which normally will be a vacatur of the agency's order"); see also 3/28/07 Mem. Op. at 46-47. However, under the particular circumstances here – where there is a pending appeal of the Court's NEPA ruling and where the court of appeals has stayed, for unspecified reasons, the effect of that ruling – out of an abundance of caution, this Court could (if it rules for plaintiffs on their notice and comment claim) issue a temporary administrative stay of a vacatur on notice and comment grounds so that defendants or intervenors may, if they choose, request a further stay in the Court of Appeals. For the convenience of the Court, plaintiffs are submitting a

Proposed Order that would embody such an approach.[2]

On the other hand, even if the Court were to rule for defendants and intervenors on the notice and comment claim, plaintiffs would then at least be in a position to appeal such a ruling on the merits and thereby ensure that the Court of Appeals could address, in one appeal, the merits of both Claims One and Three. Accordingly, under the circumstances, if this Court were to resolve the notice and comment claim at this juncture it would facilitate comprehensive review in the court of appeals of all legal grounds on which the rule at issue could be set aside. Reinstatement and expeditious resolution of this fully briefed claim would, therefore, serve the overall interests of judicial economy and efficiency.

Especially because the parties have already fully briefed the notice and comment claim, neither defendants nor intervenors could legitimately claim to be prejudiced if the Court were simply to resolve the issue at this time. In contrast, in view of the recent developments concerning the NEPA claim, plaintiffs are now being severely prejudiced by the absence of a resolution of their notice and comment claim.

Finally, because any further notices of appeal from the Court's March 28, 2007 summary judgment ruling must be filed by no later than May 29, 2007, plaintiffs respectfully request that the Court indicate before that date whether it is reinstating Claim One for resolution on the merits. While plaintiffs have no interest in appealing the Court's dismissal of Claim One as moot, especially if this Court agrees that it is now appropriate to resolve that claim on the merits, plaintiffs also wish to ensure that they do not forfeit their right to pursue that claim in the event

---

[2] Plaintiffs are also submitting a Proposed Order simply granting the instant Rule 60(b) motion to reinstate Claim One for subsequent resolution on the merits.

that this Court does not reinstate it at this time.  Accordingly, if the Court were to indicate, prior to May 29, 2007, whether the Court will reinstate Claim One, this would allow plaintiffs to make an informed decision on whether to file a protective Notice of Appeal concerning the Court's prior disposition of that claim.

## **CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that the Court reinstate and resolve plaintiffs' notice and comment claim based on the previously filed summary judgment memoranda.  Plaintiffs have advised counsel for federal defendants and intervenors of this motion, and plaintiffs have been authorized to represent that both defendants and intervenors oppose the motion.

Respectfully submitted,

/s/
Eric R. Glitzenstein
D.C. Bar No. 358287
Meyer Glitzenstein & Crystal
Suite 700
1601 Connecticut Ave., N.W.
Washington, D.C.  20009
(202) 588-5206

Counsel for Plaintiffs