**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THE HUMANE SOCIETY OF THE UNITED STATES, et al.** )<br><br>**Plaintiffs,** )<br><br>v. )<br><br>**MIKE JOHANNS, Secretary**<br>**United States Department of Agriculture, et al.** )<br><br>**Defendants.** ) | Civ. No. 1:06cv00265 (CKK) |

**DEFENDANT-INTERVENOR'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' EXPEDITED MOTION FOR RELIEF UNDER FED. R. CIV. P. 60(b)**

Defendant-Intervenor Cavel International, Inc. ("Cavel"), by counsel, hereby respectfully submits this Memorandum in Opposition to Plaintiffs' Expedited Motion for Relief under Fed. R. Civ. P. 60(b). For the reasons outlined herein – and especially because Plaintiffs' Motion is untimely and without merit – this Court should not accept Plaintiffs' invitation to interfere with the pending appeal.

**BACKGROUND**

On March 28, 2007, this Court issued an Order and Memorandum Opinion ("Order") that fully disposed of all the pending motions. Because none of the parties filed a timely post-trial motion to suspend its finality, the Order became final on April 11, 2007.[1] On April 13, 2007, Cavel filed its Notice of Appeal and the Court of Appeals docketed the appeal on April 16, 2007.

---

[1] Plaintiffs had ten days after this Court's Order to file this motion. Fed. R. App. 4(a)(4). However, "when the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a).

1

More than 40 days after this Court issued the Order – and more than 25 days after this Court's jurisdiction was divested by the Notice of Appeal – Plaintiffs filed this untimely Rule 60(b) Motion for Relief ("Motion"). Tellingly, Plaintiffs devote only a brief footnote to the threshold issue of whether this Court even has jurisdiction to: (1) suspend, post hoc, the finality of its Order; (2) consider Plaintiffs' Rule 60(b) Motion; or (3) revive Plaintiffs' Claim One and reconsider the three motions for summary judgment that this Court denied in its Order. As discussed below, Cavel respectfully submits that the Court does not have jurisdiction to consider or grant Plaintiffs' Rule 60(b) Motion. Moreover, even if the Court were to determine that it has jurisdiction, Plaintiffs' Motion fails to demonstrate that this is an "extraordinary" situation warranting relief under Rule 60(b).

## DISCUSSION

I.   **The Court is Without Jurisdiction to Consider Plaintiffs' Motion.**

As this Circuit has recognized, because "'jurisdiction is the power to act,' it is essential that well-defined, predictable rules identify which court has that power at any given time." *United States v. DeFries,* 129 F.3d 1293, 1303 (D.C. Cir. 1997) (citation omitted). For more than 20 years, courts across the country have uniformly enforced the rule that a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Id.* at 1302 (quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)). The *only* exception is when a party files a timely post-trial motion that suspends the finality of the judgment until the district court rules on the motion. Fed. R. App. P. 4(a)(4). Thus, the rules of procedure clearly delineate the jurisdictional boundaries that govern here: because there was no post-trial motion filed by April 11, 2007, and because Cavel has filed a notice of appeal, this Court is without jurisdiction to consider

Plaintiffs' Rule 60(b) Motion. *See, e.g., Athridge v. Iglesias,* 464 F. Supp. 2d 19, 22 (D.D.C. 2006) ("whenever an appeal is filed, the proper scope of action of the trial court is merely ministerial to aid in the appeal.").

Contrary to Plaintiffs' conclusory footnote, the claim Plaintiffs seek to reinstate is unquestionably an "aspect[] of the case involved in the appeal." *See, e.g. Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.,* 2002 U.S. Dist. LEXIS 3908, at *2 (S.D.N.Y. March 8, 2002) (moot claims part of final judgment); *see also Dayton Indep. Sch. Dist. v. U.S. Mineral Prod. Co.,* 906 F.2d 1059, 1064 (1990) (upon the filing of a notice of appeal "the district court loses jurisdiction over all matters which are validly on appeal."). Notwithstanding Plaintiffs' creative interpretation, Cavel's Notice of Appeal states that it appealed the Court's March 28, 2007 Order. More importantly, this Court's Order was not a Rule 54(b) judgment that adjudicated "fewer than all the claims . . . subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties" because the Court expressly denied the three motions regarding Plaintiffs' Claim One and "dismissed" the entire case. 3/28/07 Mem. Op. at 49.

Even if Cavel had not filed its notice of appeal before May 9, 2007, Plaintiffs' Rule 60(b) Motion would be untimely. The Rule specifically requires Plaintiffs to file the motion "within a reasonable time" and this Circuit generally considers "Rule 60(b) motions to be timely only when the movant filed the motion within thirty days of the challenged judgment." *Brannum v. Buriltanu,* 1999 U.S. Dist. LEXIS 13332, at *6 (D.D.C. July 27, 1999) (citation omitted). In this case, Plaintiffs did not file the Motion within thirty days. Nor did they explain why the Court should find that the Motion was filed "within a reasonable time" even though Plaintiffs missed the presumptive deadline by more than ten days. Therefore, the Court should also deny the

Motion because Plaintiffs have failed to satisfy their burden of proving that Rule 60(b) relief is appropriate. *See, e.g., McMillian v. District of Columbia,* 2006 U.S. Dist. LEXIS 90766, at *7 (D.D.C. Dec. 18, 2006) ("The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief.") (citation omitted); *Int'l Center for Tech. Assessment v. Leavitt,* 468 F. Supp. 2d 200, 205 (D.D.C. 2007) ("a district court does not have jurisdiction to consider an untimely Rule 60(b) motion") (citation omitted).

## II.    Alternatively, the Court Should Deny Plaintiffs' Motion on the Merits.

### A.    Plaintiffs' Rule 60(b)(5) and (b)(6) Arguments Are Mutually Exclusive.

Plaintiffs' Motion fails to explain with any specificity why the Court should grant relief. Presumably, however, the references to Rule 60(b)(5) and (b)(6) indicate that Plaintiffs agree that none of the other possible grounds apply here. It is important to note that while Plaintiffs fail to develop an argument why either (b)(5) or (b)(6) justify granting the Motion, "[i]f the reasons offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1)-(5), those reasons will not justify relief under Rule 60(b)(6)." *Hall v. Cent. Intelligence Agency,* 2004 U.S. Dist. LEXIS 27666, at *8 n.4 (D.D.C. April 22, 2004) (citation omitted). For the reasons below, Plaintiffs have failed to prove that either ground for relief applies here.

### B.    Plaintiffs Have Failed to Demonstrate That the Court May Grant Relief Under Rule 60(b)(5).

Rule 60(b)(5) provides that a district court may grant relief from a final order if "it is no longer equitable that the judgment should have prospective application." Thus, this provision only applies where an order or judgment has "prospective application." Plaintiffs' Motion does not even attempt to explain how the Court's Order has prospective application. Accordingly, the

Court cannot grant relief under Rule 60(b)(5) because Plaintiffs have failed to prove that such relief is proper. *McMillian,* 2006 U.S. Dist. LEXIS 90766, at *7.

    C.    Plaintiffs Have Failed to Demonstrate That the Court May Grant Relief Under Rule 60(b)(6).

Rule 60(b)(6) is a catch-all residual clause that provides that a district court may grant relief "upon such terms as are just" for "any other reason justifying relief from the operation of the judgment." The Supreme Court has counseled that Rule 60(b)(6) applies only in "extraordinary" cases – otherwise this residual exception would swallow the rule of finality. *Ackerman v. United States,* 340 U.S. 193, 202 (1950). Furthermore, this Circuit has cautioned that Rule 60(b)(6) "should be only sparingly used." *Good Luck Nursing Home, Inc. v. Harris,* 636 F.2d 572, 577 (D.C. Cir. 1980).

As this Court has noted, Rule 60(b) "was intended to preserve 'the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts.'" *Elliott v. Fed. Bureau of Prisons,* 2006 U.S. Dist. LEXIS 93258, at *7 (D.D.C. Dec. 27, 2006) (quoting *Bankers Mortgage Co. v. United States,* 423 F.2d 73, 77 (5th Cir.), *cert. denied,* 399 U.S. 927 (1970)). Courts uniformly understand, however, that "Rule 60(b)(6) may not be used as a substitute for an appeal not taken," *Twelve John Does v. District of Columbia,* 841 F.2d 1133, 1141 (D.C. Cir. 1987), and the Supreme Court has held that "free, calculated, deliberate choices" will not support a Rule 60(b)(6) motion because "[t]here must be an end to litigation someday[.]" *Elliott,* 2006 U.S. Dist. LEXIS 93258, at *8 (quoting *Ackerman,* 340 U.S. at 198). Similarly, "Rule 60(b) cannot . . . rescue a litigant from strategic choices that later turn out to be improvident." *Id.* (citation omitted).

In this case, Plaintiffs admit that their Rule 60(b) Motion, if granted, would substitute for an appeal not taken. *See* Pls.' Expedited Mot. for Relief at 6 (filed 5/9/07) ("plaintiffs have no

5

interest in appealing the Court's dismissal of Claim One as moot, especially if this Court agrees that it is now appropriate to resolve that claim on the merits . . ."). Moreover, although Plaintiffs would prefer to continue litigating in this Court, it was a "strategic," albeit "improvident" choice to wait more than 40 days before filing this Rule 60(b) Motion. Indeed, if Plaintiffs were not satisfied with this Court's Order vacating the Interim Final Rule solely upon their Claim Three, Plaintiffs could have filed a Rule 60(b) motion by April 11, 2007 to suspend the appellate process. Plaintiffs, however, did not file a timely post-trial motion to suspend the Order's finality. Instead, Plaintiffs waited more than 25 days after the Court's jurisdiction had been divested by the notice of appeal.

The purported justification for this delay is that Plaintiffs did not appreciate that "the Court's resolution of [the] notice and comment claim would have significant practical and legal consequences" until after the Court of Appeals issued the stay. Pls.' Expedited Mot. for Relief at 5 (filed 5/9/07). First, this argument is disingenuous at best because the parties had fully briefed Cavel's Emergency Motion for Stay in this Court before the ten day period expired on April 11, 2007. Thus, Plaintiffs cannot reasonably claim that they were unaware of the possibility that the Order would be stayed. Moreover, even if Plaintiffs were surprised that the Court of Appeals issued the stay, this Court recently held that an unexpected "adverse decision does not, without more, rise to the level of 'extraordinary circumstances' required for relief under [Rule] 60(b)." *Elliott,* 2006 U.S. Dist. LEXIS 93258, at \*\*9-10.

### III. Alternatively, the Court Should Deny Plaintiffs' Motion to Conserve Judicial Resources.

In its March 28, 2007 Order, this Court determined that the Interim Final Rule was improperly promulgated. In response to Cavel's Emergency Motion for Stay, the Court had a second opportunity to consider the merits and found that Cavel was unlikely to prevail on

appeal.[2] Plaintiffs do not dispute that if the Court of Appeals affirms this Court's Order, it will be unnecessary to reinstate or otherwise consider Plaintiffs' alternate Claim III theory. Nonetheless, Plaintiffs invite this Court to completely disregard the comity between courts and instead to revive their Claim III and issue an advisory opinion about what presently is a moot issue. Courts in this Circuit, however, have consistently refused to expend judicial resources unnecessarily. *See, e.g., Knug Grundtvig A/S v. Quigg,* 1988 U.S. Dist. LEXIS 15825, at *1 (D.D.C. Sept. 29, 1988) (dismissing case to conserve judicial resources where pending administrative decision could moot the action); *Thomas v. Lane Bryant, Inc.,* 1993 U.S. Dist. LEXIS 1113, at *6 (D.D.C. Jan. 28, 1993) (refusing to expend judicial resources where pending legislation could resolve the issues).

Ultimately, this Motion is a thinly-veiled attempt to disrupt the appellate process. Plaintiffs were entirely content with the March 28, 2007 Order – even though the Court found it unnecessary to rule on Plaintiffs' alternate Claim III theory – until the Court of Appeals issued its stay. Now, more than 25 days after jurisdiction was properly transferred to the Court of Appeals, Plaintiffs urge this Court to reconsider its ruling and reinstate Plaintiffs' Claim III despite the pending appeal. Notwithstanding the jurisdictional deficiency and Plaintiffs' failure to satisfy their burden of proving that Rule 60(b) relief is warranted, this Court should also deny Plaintiffs' Motion to prevent the inefficient use of judicial resources. *See, e.g., Babigian v. Rehnquist*, 901 F. Supp. 17, 19 (D.D.C. 1995) ("the resources of the Federal Courts are already stretched to their limits."); *Alexander v. Fed. Bureau of Investigation,* 1998 U.S. Dist. LEXIS 11928, at *19 (D.D.C. March 13, 1998) ("Improper use of motions to reconsider 'can waste judicial resources and obstruct the efficient administration of justice.'") (citation omitted).

---

[2] 4/13/07 Mem. Op. at 15 ("Cavel has not demonstrated a likelihood, let alone a substantial likelihood, of success on the merits . . .").

## **CONCLUSION**

As discussed herein, this Court should deny Plaintiffs' Rule 60(b) Motion because: (1) this Court is without jurisdiction to grant the requested relief; (2) the motion is untimely; (3) Plaintiffs have failed to satisfy their burden of proving that this case involves "extraordinary" circumstances warranting relief; and (4) reinstating moot claims will waste judicial resources and disrupt the comity between the District and Circuit courts.

Respectfully submitted,

/s/ James P. Murphy
James P. Murphy, Esq. (D.C. Bar No. 380857)
SQUIRE, SANDERS & DEMPSEY L.L.P.
1201 Pennsylvania Ave., N.W., Suite 500
Washington, DC  20004
Telephone:  202.626.6600
Fax:  202.626.6780

Date:  May 21, 2007

*Attorneys for Defendant-Intervenor
   Cavel International, Inc.*