UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE HUMANE SOCIETY<br>OF THE UNITED STATES, ET AL.<br><br>　　　　Plaintiffs,<br>　v.<br><br>MIKE JOHANNS, ET AL.<br><br>　　　　Defendants. | Civ. No. 1:06CV00265 (CKK) |

**PLAINTIFFS' REPLY TO CAVEL'S OPPOSITION TO PLAINTIFFS'
EXPEDITED MOTION FOR RELIEF UNDER FED. R. CIV. P. 60(b)**

On March 28, 2007, this Court determined that it "need not" resolve plaintiffs' notice and comment claim on the merits because of the relief the Court was awarding on plaintiffs' NEPA claim. 3/28/07 Mem. Op. at 2-3. That rationale was eminently reasonable until the Court of Appeals' split decision to stay the effect of the NEPA ruling. In light of that development, shortly after receiving the Court of Appeals' order, plaintiffs filed this motion which simply requests that the court reinstate the *fully briefed* notice and comment claim so that plaintiffs may either obtain relief on that alternative ground or, at minimum, so that the Court of Appeals may resolve the NEPA and notice and comment issues at the same time rather than in piecemeal fashion.

Cavel International Inc. ("Cavel") has opposed reinstatement, although Cavel has not explained how it would be at all prejudiced if the Court were to proceed in the manner requested by plaintiffs. In any event, none of Cavel's various objections to the motion has any validity.[1]

---

[1] On the afternoon of the last day that the opposition to the motion was due, federal defendants advised plaintiffs that they are requesting an extension of more than one week to respond to plaintiffs' 7-page motion that asked the Court for an expedited resolution because the

I.  **THE COURT CLEARLY RETAINS JURISDICTION OVER THE NOTICE AND COMMENT CLAIM BECAUSE NO PARTY HAS FILED A NOTICE OF APPEAL WITH REGARD TO THAT CLAIM.**

Cavel does not dispute the fundamental principle that an appeal only "divests the district court over those aspects of the case *involved in the appeal*." United States v. DeFries, 129 F.3d 1293, 1302 (D.C. Cir. 1997) (emphasis added); see Pfs. Mem. at 2 n. 1.  Accordingly, if the notice and comment claim is not presently "involved in the appeal" taken by Cavel, then this Court surely has jurisdiction to reinstate the claim and resolve it on the merits.

Evidently recognizing this reality, Cavel asserts that "[n]otwithstanding Plaintiffs' creative interpretation, Cavel's Notice of Appeal states that it appealed the Court's March 28, 2007 Order." Cavel Opp. at 3. But what the Notice of Appeal actually "states," unsurprisingly, is that Cavel is *only* appealing those aspects of the March 28, 2007 Order that were *adverse* to Cavel. Thus, Cavel's April 13, 2007 Notice of Appeal could not be clearer in specifying that Cavel is appealing only the Court's resolution *of the NEPA claim* against defendants and intervenors, and the relief awarded by the Court based on its resolution of *that* claim.

Hence, the Notice of Appeal states that Cavel is appealing:

> from the March 28, 2007 Order of the District Court (a) *granting Plaintiffs' Motion for Summary Judgment,* (b) denying Defendants' Motion to Dismiss, or Alternatively, for Summary Judgment, and Defendant-Intervenors' Motion to Dismiss or, in the Alternative, for Summary Judgment *on Claim Three of Plaintiffs' First Amended*

---

time for filing appeals from the Court's March 28, 2007 Order expires on May 29.  Under these circumstances, plaintiffs are opposing the government's requested extension and continue to respectfully request that the Court, if at all possible, resolve this motion by May 29.  Along these lines, it is worth stressing that plaintiffs are *only* asking the Court to indicate by May 29 whether it will reinstate the notice and comment claim.  Plaintiffs are not requesting that the claim actually be resolved by that date, although, if the Court does reinstate the claim, plaintiffs do respectfully request that it be resolved as expeditiously as practicable on the previously filed summary judgment papers.

*Complaint*, ( c) declaring the Interim Final Rule to be in violation of the Administrative Procedure Act (5 U.S.C. § 706(2)) and the National Environmental Policy Act (42 U.S.C. § 4321 *et seq*.), (d) vacating the Interim Final Rule, and (e) permanently enjoining the Food Safety and Inspection Service of the United States Department of Agriculture from implementing the Interim Final Rule.

4/13/07 Notice of Appeal (Doc. 76) at 1-2 (emphasis added).

Accordingly, by its plain terms, Cavel's Notice of Appeal did *not* – because it had no reason to – seek review of the Court's Order declining to resolve the merits of plaintiffs' notice and comment claim. Because the notice and comment claim is, therefore, plainly not "involved in the appeal" which focuses exclusively on the NEPA claim the Court *did* resolve on the merits, there is no jurisdictional bar to the Court's reinstatement and resolution of the distinct notice and comment claim. See Defries, 129 F.3d at 1302; see also Hicks v. Bush, 452 F. Supp. 2d 88, 98 (D.D.C. 2006) ("district courts retain jurisdiction in appealed cases to deal with ancillary matters *that do not impinge upon the subject of the appeal . . . District courts retain jurisdiction over aspects of the case that are not involved in the appeal*.") (emphasis added).[2]

---

[2] Indeed, because Cavel was in no way "aggrieved" by the Court's disposition of the notice and comment claim, Cavel would not even had standing to appeal the Court's dismissal of that claim on mootness grounds. Natural Resources Defense Council v. Pena, 147 F.3d 1012, 1019 (D.C. Cir. 1998) (party lacked standing to appeal an injunction where the order did not run against it and where the party "plainly was not harmed by" the order). Presumably, this is why the Notice of Appeal is expressly confined to the sole aspect of the Court's Order that *did* affect Cavel, i.e., the Court's granting of summary judgment and entry of relief on plaintiffs' NEPA claim.

In this connection, plaintiffs also note that, even if the notice and comment claim *were* somehow subsumed by Cavel's Notice of Appeal – which it is not – this would not deprive plaintiffs of the ability to seek relief under Rule 60(b). Rather, in situations where a Rule 60(b) motion has been filed on an issue that *is* also pending in the Court of Appeals, the D.C. Circuit has instructed that the district court may indicate whether it would grant the motion if the case were remanded to it for that limited purpose. See Hoai v. Vo, 935 F.2d 308, 312 (D.C. Cir. 1991). Accordingly, if the Court is unable to resolve the Rule 60(b) motion by May 29 and plaintiffs opt to file a protective Notice of Appeal regarding the Court's dismissal of the notice

Cavel's alternative jurisdictional argument – that plaintiffs should have filed the Rule 60(b) motion within 30 days of the Court's resolution of the summary judgment motions and hence *before* the triggering event that gave rise to the motion (the Court of Appeals' stay of the NEPA ruling) – is equally baseless. See Cavel Opp. at 3. For motions that seek relief pursuant to Fed. R. Civ. P. 60(b)(5) or (b)(6), the rule simply provides that such motions "shall be made within a reasonable time." Fed. R. Civ. P. 60(b). Where, as here, plaintiffs filed their motion only *9 days* after the Court of Appeals stayed the Court's NEPA ruling – which called into question the premise underlying this Court's determination that there was no need to address plaintiffs' notice and comment claim – plaintiffs have surely filed their motion "within a reasonable time."[3] See, e.g., Grace v. Bank Leumi Trust Co. of New York, 443 F.3d 180, 190 n. 8 (2nd Cir. 2006) ("[t]o determine the timeliness of a motion brought pursuant to Rule 60(b)(6), we look at the particular circumstance of each case"); Travelers Ins. Co. v. Liljeberg Enterprises, Inc., 38 F.3d 1404, 1410 (5th Cir. 1994) (whether a motion under Rule 60(b)(6) is timely "depends upon the particular facts and circumstances of the case"); In re Korean Air Lines Disaster of September 1, 1983, 156 F.R.D. 18, 21 (D.D.C. 1994) ("[A] motion for relief brought under Rule 60(b)(6) need only be made within a reasonable time after the entry of judgment.").

---

and comment claim, see Pfs. Mem. at 6-7, plaintiffs respectfully request that the Court follow the procedure set forth in Hoai. If the Court does not rule by May 29 and plaintiffs do not file such a notice, the Court will retain jurisdiction over the notice and comment claim. In that event, plaintiffs would nonetheless respectfully urge the Court to resolve the Rule 60(b) motion as expeditiously as practicable so that, if the Court does decide to reinstate and resolve the notice and comment claim, any appeal from that resolution could be consolidated with the pending appeal on the NEPA claim.

[3] As intervenors know, plaintiffs were prepared to file this motion even sooner, but held off doing so at the request of federal defendants, whose lead counsel was traveling and hence unable to evaluate what position the government would take on the motion.

Cavel cites to no factually comparable case in which a Rule 60(b) motion was rejected on timeliness grounds. To the contrary, the case cited by Cavel (at 3) strongly *supports* the timeliness of plaintiffs' motion. In <u>Brannum v. Buriltanu</u>, No. 96-302, 1999 WL 680007 (D.D.C. July 28, 1999), the plaintiff filed a motion to reopen a claim "*two years and five months* after the order dismissing the complaint." <u>Id</u>. at * 1 (emphasis added). Explaining that Rule 60(b) motions "are almost uniformly denied as untimely when they are filed *more than three months* after judgment," <u>id</u>. at * 2 (emphasis added), the Court had little difficulty concluding that a motion filed nearly 2 ½ years after final disposition was untimely.

Although not citing any cases actually denying, on timeliness grounds, a Rule 60(b) motion that was filed *less* than three months after judgment, <u>Brannum</u> also states that the Court of Appeals "has suggested that what constitutes a 'reasonable time [under Rule 60(b)(6)] might be judged by the thirty-day period *in which a party must file a notice of appeal under Rule 4(a)* of the Federal Rules of Civil Procedure,'" and that "[c]onsistent *with this rule of thumb*, the D.C. Circuit has tended to find Rule 60(b) motions to be timely only when the movant filed the motion within thirty days of the challenged judgment." <u>Brannum</u>, 1999 WL 680007 at * 2 (emphasis added) (quoting <u>Expeditions Unlimited Aquatic Enterprises v. Smithsonian Institute</u>, 500 F.2d 808, 810 (D.C. Cir. 1974)).

But that reasoning compels the conclusion that plaintiffs' motion here *is* timely. Because a federal agency is a party here, the "period in which a party must file a notice of appeal under Rule 4(a)" is *sixty* days. <u>See</u> Fed. R. App. P. 4(a)(1)(B). Hence, because plaintiffs' motion was indisputably filed *within* the time for filing an appeal, <u>Brannum</u> itself supports a finding of timeliness here. More important, however, plaintiffs' motion has clearly been filed "within a

5

reasonable time," as that phrase has generally been applied in this Circuit.  See e.g., Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 & n. 4 (D.C. Cir. 1980) (in case between two private parties, finding Rule 60(b)(6) motion that was "made within three months of the original judgment" was "timely"); Steuart v. Mathews, 329 F.2d 234 (D.C. Cir. 1964) (finding that district court did not abuse its discretion in allowing case to be reinstated two years after judgment); Jackson v. Jackson, 276 F.2d 501, 504 (D.C. Cir. 1960) (the timing of a Rule 60(b)(5) motion filed "within a few months" after judgment was "quite reasonable"); American Lands Alliance v. Norton, 360 F. Supp. 2d 1, 3 nn. 2, 7 (D.D.C. 2003) (granting Rule 60(b) motion filed 46 days after the entry of judgment); cf. Baltia Air Lines, Inc. v. Transaction Management, Inc., 98 F.3d 640, 642-43 (D.C. Cir. 1996) (finding that a Rule 60(b)(6) motion could not be filed so as to avoid the *one year* time limit for motions under Rule 60(b)(2) or (3), but suggesting no issue related to the time for filing an appeal).[4]

---

[4] Cavel's opposition omits the crucial fact that the "rule of thumb" referred to in Brannum was expressly based on the *time period for filing a notice of appeal*.  Cavel Mot. at 3. Moreover, while plaintiffs' motion here was filed within the time period for filing a Notice of Appeal from the Court's March 28, 2007 ruling, and hence would clearly not be time-barred even under the restrictive approach in Brannum, plaintiffs also respectfully suggest that this approach is not supported by the Circuit precedent on which it relies.

In fact, in Expeditions Limited, the decision cited for the "rule of thumb" in Brannum, the Court of Appeals actually allowed a Rule 60(b) motion to be filed *more than ten months* after judgment had been entered.  See 500 F.2d at 809.  In that case, the losing party did not learn of the judgment until the appeal time had run, and then sought to file a Rule 60(b) motion for the sole purpose of "vacat[ing] and re-enter[ing] the summary judgment *in order to preserve the[] right to appeal*."  Id. (emphasis added).  The Court of Appeals reversed a district court decision that the Rule 60(b) motion was untimely, and suggested a "reasonable" approach for the particular circumstances under which a losing party does not receive *notice* of an adverse ruling:

> a trial court may vacate and re-enter a judgment under Rule 60(b) to allow a timely appeal when neither party had actual notice of the entry of judgment . . .and when the losing party moves to vacate the judgment within a *reasonable time after he learns of its entry*.

6

## II. CAVEL'S REMAINING ARGUMENTS FOR WHY THE NOTICE AND COMMENT CLAIM SHOULD NOT BE REINSTATED ARE GROUNDLESS.

Cavel's remaining arguments for why the Court should not reinstate and resolve the notice and comment claim on the merits are also devoid of substance. To begin with, Cavel argues that Rule 60(b)(5) does not apply here because the "provision only applies where an order or judgment has 'prospective application'" and "[p]laintiffs' Motion does not even attempt to explain how the Court's Order has prospective application." Cavel Opp. at 4. Plainly, however, the Court's *dismissal* of Claim One on the grounds that its resolution was unnecessary effectively forecloses plaintiffs – both now *and in the future* – from obtaining relief on that claim until and unless the Court reinstates the claim and addresses whether federal defendants did, in fact, violate 5 U.S.C. § 553 in promulgating the rule under review. Thus, in the absence of judicial relief, the Court's disposition of the claim has had and will continue to have a "prospective" effect on plaintiffs' ability to obtain relief for what plaintiffs have long maintained is a patent violation of their notice and comment rights.

But even if the Court were to conclude that Rule 60(b)(5) is inapplicable, Cavel proffers no sound reason why the Court should not grant plaintiffs' request to reinstate the notice and claim pursuant to Rule 60(b)(6). See Good Luck Nursing Home, 636 F.2d at 578 n. 4 (affirming

---

> *A reasonable time might be judged by the thirty-day period in which a party must file a notice of appeal* under Rule 4(a) of the Federal Rules of Appellate Procedure.

Id. at 810 (emphasis added; internal citations omitted). In context, therefore, the Court of Appeals was at most positing a "rule of thumb" for the filing of Rule 60(b) motions in the narrow context in which a party is seeking re-entry of judgment for the purpose of triggering a *new time period for appealing* an adverse judgment. Nothing in that or any other Court of Appeals' ruling cited by Cavel suggests that the time for filing an appeal should generally govern the time for filing motions under Rules 60(b)(5) or (6).

district court order granting relief under Rule 60(b)(6) "rather than under Rule 60(b)(1)" because "it may be doubted whether the mistake involved in this case was of the kind that rule 60(b)(1) was intended to remedy"). Thus, Cavel asserts that "Rule 60(b)(6) may not be used as a substitute for an appeal not taken," Cavel Opp. at 5 (internal quotation omitted), but that argument simply makes no sense under the circumstances here.

Once again, plaintiffs are not making a choice between appealing a claim they *lost* on the merits or filing a motion for reconsideration of such a resolution. Rather, plaintiffs are merely asking *for a resolution* of the merits of their claim so that they may either obtain relief on the claim or appeal an adverse ruling. Accordingly, the cases cited by Cavel holding that a party may not pursue Rule 60(b) relief after allowing the appeal time to run on an adverse judgment on a claim, id., are not even remotely relevant here.[5]

Also off-base is Cavel's contention that "[p]laintiffs could have filed a Rule 60(b) motion by April 11, 2007 to suspend the appellate process." Cavel Mot. at 6. As of April 11, *the rule under review had been invalidated and the horse slaughter operations shut down* by virtue of the Court's ruling on NEPA grounds. Hence, because plaintiffs were, at that time, the beneficiaries of the very relief they had requested from the Court, it would have made little sense for them to

---

[5] Cavel appears to be arguing that plaintiffs, rather than simply asking this Court in the first instance to resolve the notice and comment claim on the merits, *should* appeal the Court's decision *not* to resolve the claim on the grounds that such resolution was unnecessary in light of the relief awarded on the NEPA claim. It is difficult to imagine how anyone's interests – other than Cavel's interest in dragging out a resolution of the notice and comment claim for as long as possible – would be benefitted by that make-work exercise. By the same token, Cavel's assertion that "Plaintiffs admit that their Rule 60(b) Motion, if granted, would substitute for an appeal not taken," Cavel Opp. at 5, is erroneous. Plaintiffs actually stressed to the Court that they have "*no interest* in appealing the Court's dismissal of Claim One as moot" because such an appeal would *not* accomplish what plaintiffs are now seeking – i.e., a resolution of the claim on the merits. Pfs. Mem. at 6-7 (emphasis added).

urge the Court to decide a claim whose resolution would have, at most, resulted *in essentially the same relief already in effect*. Plaintiffs should not now be penalized for seeking to avoid such a waste of judicial resources. Rather, it was only *after* the Court of Appeals stayed the Court's NEPA ruling that the conditions justifying this motion materialized.

Finally, there is no substance to Cavel's contention that plaintiffs are somehow "invit[ing] this Court to completely disregard the comity between courts" and engaging in a "thinly-veiled attempt to disrupt the appellate process." Cavel Opp. at 7. That characterization would only makes sense if the "appellate process" would somehow address the notice and comment claim this Court declined to resolve. But because the one appeal taken concerns only the NEPA claim the Court *did* resolve, it is difficult to understand how the Court's resolution of the distinct notice and comment claim would "disregard the comity between courts" or "disrupt" the appellate proceedings.

To the contrary, if the Court reinstates and resolves the fully briefed notice and comment claim, it would ensure that the Court of Appeals could address *all* arguable grounds for setting aside the rule under review in one unified appellate proceeding, rather than potentially being placed in the position of having to address the NEPA and notice and comment claims in separate appeals. In short, the approach that plaintiffs are now proposing – under which this Court would resolve the notice and comment claim, thereby enabling any appeal from the Court's ruling to be consolidated with the pending NEPA appeal – would *further* the Court of Appeals' interest in avoiding piecemeal appeals concerning the same regulation.[6]

---

[6] Cavel's suggestion that plaintiffs are asking the Court to resolve what "presently is a moot issue," Cavel Opp. at 7, ignores the fact that, at Cavel's request, the rule under review is *now in effect* by virtue of the Court of Appeals' stay of the NEPA ruling. At "present," therefore,

9

**CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that the Court grant their Rule 60(b) motion and reinstate their notice and comment claim.

Respectfully submitted,

/s/
Eric R. Glitzenstein
D.C. Bar No. 358287
Howard M. Crystal
D.C. Bar No. 446189

Meyer Glitzenstein & Crystal
Suite 700
1601 Connecticut Ave., N.W.
Washington, D.C. 20009
(202) 588-5206

Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused the foregoing Reply to be served on all counsel of ' record, this 24th day of May, 2007, by filing the document with the Court's electronic filing system.

/s/
Eric R. Glitzenstein

---

the notice and comment claim is most assuredly not moot, as either a legal or a practical matter.