UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE HUMANE SOCIETY OF THE          )
 UNITED STATES, et al.,            )
                                   )
            Plaintiffs             )
                                   )
    v.                             )
                                   ) Civil Action No. 06-0265(CKK)
MIKE JOHANNS, Secretary,           )
  United States Department         )
  of Agriculture, et al.,          )
                                   )
            Defendants.            )
_____  )

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' EXPEDITED MOTION FOR RELIEF
UNDER FED. R. CIV. P. 60(b)

Defendants, Mike Johanns, Secretary, U.S. Department of
Agriculture, and Barbara J. Masters, Administrator, Food Safety
and Inspection Service, hereby respectfully move the Court to
deny plaintiffs' motion to reinstate plaintiffs' Claim One under
Fed. R. Civ. P. 60(b)(5) and (b)(6) and to resolve the merits of
the parties' cross-motions for summary judgment on that claim.
Plaintiffs' motion for relief under Rule 60(b)(5) should fail
because the Court's March 28, 2007 decision on plaintiffs' Claim
One is not prospective or executory in nature and thus falls
outside the definitional limitation set forth in the Rule itself.
Plaintiffs' motion for relief under Rule 60(b)(6) should fail
because plaintiffs have failed to demonstrate the existence of
extraordinary circumstances necessary for such relief. In the
alternative, plaintiffs' motion should fail because the recent

passage of a law banning the commercial slaughter of horses for human consumption in Illinois has rendered this case moot.

## BACKGROUND

On March 28, 2007, the Court issued its decision granting Plaintiffs' motion for summary judgment on Claim Three of their amended complaint, which asserted that the U.S. Department of Agriculture ("USDA") had violated the National Environmental Policy Act, 42 U.S.C. § 4321 et seq., by failing to conduct an analysis of the environmental impact of its ante-mortem inspection rule prior to promulgating that rule.  The Court's Order vacated the ante-mortem inspection rule and permanently enjoined the USDA's Food Safety and Inspection Service from implementing the rule.

Claim One of the amended complaint further alleged that USDA had violated the Administrative Procedure Act, 5 U.S.C. § 553, by failing to provide the public with notice and the opportunity for comment prior to promulgating the ante-mortem inspection rule, but the Court held that it "need not reach the issue of whether the Notice and Comment provisions of the APA were violated in the promulgation of the Interim Final Rule" and denied plaintiffs' motion for summary judgment on that claim as moot.  R. 68, Humane Society of the United States v. Johanns, Civil Action No. 06-265(CKK), slip. op. at 2-3 (D.D.C. March 28, 2007); R. 67, Humane

<u>Society of the United States v. Johanns</u>, Civil Action No. 06-265(CKK)(Order at 2).

Defendant Intervener Cavel International, Inc. (Cavel), immediately moved for a stay of the order pending appeal, but this Court denied the motion for a stay on April 13, 2007. Cavel then moved the Court of Appeals for a stay pending appeal, and on May 1, 2007, the Court of Appeals granted the motion, thereby allowing Cavel to resume its operations.

On May 9, 2007, plaintiffs filed an expedited motion for relief under Fed. R. Civ. P. 60(b). On May 24, 2007, the commercial slaughter of horses for human consumption was banned in Illinois. Cavel, the only commercial horse slaughter plant currently operating in the United States, is located in Dekalb, Illinois.

**ARGUMENT**

A motion for relief from judgment or court order under Rule 60(b) of the Federal Rules of Civil Procedure is committed to the sound discretion of the district court.[1] <u>Union Mine Workers of</u>

---

[1]Fed.R.Civ.P. 60(b) provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a

(continued...)

America 1974 v. Pittson Co., 984 F.2d 469, 476 (D.C. Cir. 1993),
cert. denied, 509 U.S. 924 (1993).  Relief under the Rule is
provided only in cases to preserve what the courts have held to
be "the delicate balance between the sanctity of final
judgments...and the incessant command of the court's conscience
that justice be done in light of all the facts."  Good Luck
Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir.
1980)(citations omitted).

The remedy under Rule 60(b) is an "extraordinary procedure,"
Cessna Finance Corp. v. Bielenberg Masonry, 715 F.2d 1442, 1444
(10th Cir. 1983), "invoked only upon a showing of exceptional
circumstances," Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir.
1986); see also Twelve John Does v. District of Columbia, 841
F.2d 1133, 1140 (D.C. Cir. 1988).

For reasons stated below, plaintiffs' request for relief
pursuant to Fed. R. Civ. P. 60 should be denied.

---

[1](...continued)
     new trial under Rule 59(b); (3) fraud
     (whether heretofore denominated intrinsic or
     extrinsic), misrepresentation, or other
     misconduct of an adverse party; (4) the
     judgment is void; (5) the judgment has been
     satisfied, released, or discharged, or a
     prior judgment upon which it is based has
     been reversed or otherwise vacated, or it is
     no longer equitable that the judgment should
     have prospective application; or (6) any
     other reason justifying relief from the
     operation of the judgment.

I.    **Plaintiffs' Request for Relief Under Fed. R. Civ. P.
      60(b)(5) Should Be Denied.**

By its terms, Rule 60(b)(5) is applicable only to final
judgments that have prospective application.  See Marshall v.
Board of Education, 575 F.2d 417, 425 (3d Cir. 1978) ("The
definitional limitation in subsection (5) is significant in that
it empowers a court to modify a judgment only if it is
'prospective' or executory "); Morales Feliciano v. Hernandez
Colon, 775 F. Supp. 477, 484 (D. Puerto Rico 1991) ("As a
threshold matter, the judgment from which relief is sought must
be prospective in nature").  "[T]he standard [applied] in
determining whether an order or judgment has prospective
application within the meaning of Rule 60(b)(5) is whether it is
'executory' or involves 'the supervision of changing conduct or
conditions.'" Twelve John Does v. District of Columbia, 841 F.2d
1133, 1139 (D.C. Cir. 1988); see also Moody v. Empire Life
Insurance Co., 849 F.2d. 902, 906 (5th Cir. 1988) ("A judgment
operates prospectively if it requires a court to supervise
changing conduct or conditions that are provisional or
tentative").

The courts have acknowledged that "[v]irtually every court
order causes at least some reverberations into the future, and
has, in that literal sense, some prospective effect." Twelve
John Does, 841 F.2d at 1138.  Therefore, the courts have made
some effort to define the kinds of judgments and orders that have

prospective application.  "Injunctions, orders of disbarment, and declaratory judgments all have been held to have prospective effect.  The impact of such judgments is obviously continuing." Kirksey v. Jackson, 714 F.2d 42, 43-44 (5th Cir. 1983); see also Dowell v. Board of Education, 782 F. Supp. 574, 577 (W.D. Okla. 1992) ("The purpose of the provision of Rule 60(b)(5) . . . is to provide relief from a judgment imposing a continuing remedy, such as an injunction or a declaratory judgment, where changing circumstances over time have rendered the continuing remedy inequitable under the law").  In contrast, the decision on Claim One does not have an injunctive, declaratory, or debarring effect such that it adversely impacts plaintiffs' interests. Accordingly, plaintiffs' request for relief under Fed. R. Civ. P. 60(b)(5) should be denied.

## II.  Plaintiffs' Request for Relief Under Fed. R. Civ. P. 60(b)(6) Should Be Denied.

Under Rule 60(b)(6), a party may seek relief from judgment for any reason not otherwise enumerated in Rule 60(b). Fed.R.Civ.P. 60(b)(6).  However, Rule 60(b)(6) relief is "limited to circumstances which render it manifestly unconscionable that a judgment be given effect."  In re Korean Air Lines Disaster of September 1, 1993, 156 F.R.D. 18, 23 (D.D.C. 1994).  Further, courts have consistently attempted to limit the Rule's operation by requiring "a movant seeking relief under [the Rule] to show 'extraordinary  circumstances' justifying the reopening of the

6

final judgment." Gonzales v. Crosby, 545 U.S. 524, 535 (2005);
see also Good Luck Nursing Home, Inc. v.Harris, 636 F.2d 572, 577
(D.C. Cir. 1980); Wagner Spray Tech Corp. v. Wolf, 113 F.R.D. 50,
52-53 (S.D.N.Y. 1986) ("To obtain relief under Rule 60(b)(6), a
movant must show either 'extraordinary circumstances' or 'extreme
hardship.'").

Plaintiffs have offered no evidence of extraordinary
circumstances or extreme hardship that justify reopening their
Claim One pursuant to Rule 60(b)(6).  Indeed, the only change in
circumstances that has occurred since the issuance of the Court's
March 28, 2007 Order and that runs counter to plaintiffs'
interests is the District of Columbia Circuit's decision to grant
a stay of this Court's Order pending Cavel's appeal.  However,
it does not appear that an appeal is what is contemplated for
purposes of demonstrating extraordinary circumstances or extreme
hardship under Fed. R. Civ. P. 60(b)(6).  Accordingly,
plaintiffs' request for relief under Rule 60(b)(6) is without
merit.

### III. Claims for Relief May Not Be Founded on Both Rule (b)(5) and Rule (b)(6).

As previously noted, plaintiffs' expedited motion for relief
under Fed. R. Civ. P. 60(b) cites both (b)(5) and (b)(6) of the
Rule as appropriate bases for relief.  Pls' Mem. at 3-4
However, the courts have consistently held that a claim for
relief may not be founded on both clauses. See e.g. Hopper v.

<u>Euclid Manor Nursing Home, Inc.</u>, 867 F.2d 291, 294 (6th Cir. 1989) ("[C]ourts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule"). Therefore, plaintiffs cannot seek relief under both provisions.

## IV.    Illinois Law Renders This Case Moot.

Even if plaintiffs had met their burden under Rule 60(b), plaintiffs' motion still should be denied because recent developments in Illinois have rendered this case moot. On May 24, 2007, the Governor of Illinois signed into law a bill that makes the commercial slaughter of horses for human consumption illegal in that state. Cavel was the only commercial horse slaughter plant in the United States that, as of that date, was slaughtering horses for human consumption, and it is no longer accepting horses for that purpose. Therefore, plaintiffs have achieved their goal of ending the commercial slaughter of horses in the United States for human consumption, and there is no basis - equitable or otherwise - for this Court to reopen plaintiffs' Claim One and decide it on the merits.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court deny plaintiffs' expedited motion to have its notice and comment claim reinstated pursuant to Fed. R. Civ. P. 60(b).

Date: May 31, 2007

                              Respectfully Submitted,

                              /s/ Jeffrey A. Taylor /kvm
                              _____
                              JEFFREY A. TAYLOR, D.C. BAR 3498610
                              United States Attorney

                              /s/ Rudolph Contreras
                              _____
                              RUDOLPH CONTRERAS, D.C. BAR #434122
                              Assistant United States Attorney

                              /s/ Beverly M. Russell
                              _____
                              BEVERLY M. RUSSELL, D.C. Bar #454257
                              Assistant United States Attorney
                              U.S. Attorney's Office for the District
                                of Columbia, Civil Division
                              555 4th Street, N.W., Rm. E-4915
                              Washington, D.C. 20530
                              Ph: (202) 307-0492
                              Fax: (202) 514-8780
                              E-Mail: beverly.russell@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing **Defendants'**

**Opposition to Plaintiffs' Expedited Motion for Relief**

**Under Fed. R. Civ. P.** 60**(b)** was sent by the Court's Electronic

Case Filing System, this <u>31st</u> day of May, 2007 to:

Eric R. Glitzenstein, Esq.
Howard M. Crystal, Esq.
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue, N.W., Suite 700
Washington, D.C.  20009
eric@meyerglitz.com
howardcrystal@meyerglitz.com

James P. Murphy, Esq.
Squire, Sanders & Dempsey L.L.P.
1201 Pennsylvania Ave., N.W., Suite 500
Washington, DC  20004
JMurphy@ssd.com

                    /s/ Beverly M. Russell
                    _____
                    BEVERLY M. RUSSELL
                    Assistant United States Attorney