UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HUMANE SOCIETY<br>OF THE UNITED STATES, ET AL.<br><br>　　　　Plaintiffs,<br>　v.<br><br>MIKE JOHANNS, ET AL.<br><br>　　　　Defendants. | Civ. No. 1:06CV00265 (CKK) |

**PLAINTIFFS' REPLY TO FEDERAL DEFENDANTS' OPPOSITION TO
PLAINTIFFS' EXPEDITED MOTION FOR RELIEF UNDER FED. R. CIV. P. 60(b)**

In contrast to Cavel, federal defendants do not argue that the Court lacks jurisdiction to resolve plaintiffs' motion under Fed. R. Civ. P. 60(b). Indeed, the government does not contend that resolution of plaintiffs' notice and comment claim would in any manner impinge on Cavel's pending appeal of this Court's ruling on plaintiffs' NEPA claim.[1]

However, although the government also does not suggest *any* way in which it would be prejudiced if the Court were simply to reinstate and resolve plaintiffs' notice and comment claim on the previously filed summary judgment papers, it opposes plaintiffs' motion on several grounds. None has merit.

First, defendants argue that plaintiffs may not seek resolution of the claim under Fed. R.

---

[1] In this connection, it is noteworthy that federal defendants have not even appealed this Court's ruling on the NEPA claim. In addition, to ensure that this Court retains jurisdiction over the Rule 60(b) motion, and because it makes both legal and practical sense for the notice and comment claim to be resolved in this Court in the first instance, plaintiffs have refrained from filing an appeal from this Court's determination *not* to resolve that claim. Accordingly, because the only appeal that has been taken is Cavel's appeal on the NEPA claim, there is no jurisdictional barrier to the Court's granting the Rule 60(b) motion by reinstating the notice and comment claim. See Pfs. Reply to Cavel's Opp. to Pfs. Exp. Mot. for Relief Under Fed. R. Civ. P. 60(b) (Doc. 82), at 2-6.

Civ. P. 60(b)(5) because the Court's "decision on Claim One does not have an injunctive, declaratory, or debarring effect such that it adversely affects plaintiffs' interests." Def. Opp. at 6. Once again, however, the Court's earlier determination that it should refrain from resolving plaintiffs' notice and comment claim is now clearly having an ongoing adverse "impact" on Plaintiffs' interests, because the Court's resolution of the claim could (if the Court agrees with plaintiffs' position) result in invalidation of the rule at issue and, in any event, such resolution would ensure that the Court of Appeals has before it all possible grounds for setting the rule aside.

Moreover, the principal case relied on by the government does not establish that Rule 60(b)(5) is inapplicable here. In Twelve John Does v. District of Columbia, 841 F.2d 1133 (D.C. Cir. 1988), which involved claims concerning overcrowding at the District of Columbia prisons, the U.S. Attorney General was dismissed from the case on the grounds that he was *immune* from a suit for damages. Id. at 1135. "[A]lmost seven years" later, after failing to appeal the immunity determination, the plaintiffs moved to reinstate the Attorney General as a defendant and the district court granted the motion. Id. at 1142.

On appeal, the D.C. Circuit explained that the "district judge, who is in the best position to discern and assess all the facts, is vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion, and the district court's grant or denial of relief under Rule 60(b), unless rooted in an error of law, may be reversed only for abuse of discretion." Id. at 1138. Nonetheless, the court held that it was error for the district court to rely on Rule 60(b)(5) because the order dismissing the Attorney General "did not have the requisite prospective application . . . rather, it *definitively* discharged the Attorney General from any further

involvement in the case." Id. at 1139 (emphasis added).  The Court further explained that, under the broad "reading" of Rule 60(b)(5) it was rejecting, "any *final* order or judgment *on the merits* could potentially be reopened under Rule 60(b), which is plainly inconsistent with the requirement of prospective application as it has been applied thus far." Id. at 1140 (emphasis added).

Here, in sharp contrast, the essence of plaintiffs' Rule 60(b) motion is that the Court *refrained from* "definitively" resolving the notice and comment claim, and expressly declined to enter any "judgment on the merits" of that claim.  Accordingly, far from arguing that such a final judgment (such as the immunity determination in Twelve John Does) falls within Rule 60(b)(5), plaintiffs are arguing precisely the opposite, i.e., that the Court's determination *not* to resolve the claim is now having a prospective adverse effect by *precluding* plaintiffs from obtaining a final judgment – and, potentially, *prospective relief* – on a longstanding and fully briefed claim.  Defendants have proffered no sound legal reason, nor pertinent precedent suggesting, why Rule 60(b)(5) is not an appropriate vehicle for relief under these particular circumstances.

But even if the Court were to find that plaintiffs' request does not fit within that part of Rule 60(b), the government has offered no persuasive justification for why plaintiffs cannot invoke Rule 60(b)(6) here.  Rather, the entirety of the government's analysis on that issue is that:

> the only change in circumstances that has occurred since the passage of the Court's March 28, 2007 Order and that runs counter to plaintiffs' interests is the District of Columbia Circuit's decision to grant a stay of this Court's Order pending Cavel's appeal. However, it does not appear that an appeal is what is contemplated for purposes of demonstrating extraordinary circumstances or extreme hardship under Fed. R. Civ. P. 60(b)(6).

Def. Opp. at 7.  Plaintiffs, however, are not arguing that the Court should revisit its determination

not to resolve the notice and comment claim merely because Cavel has appealed the Court's NEPA ruling. Rather, as we have made clear, plaintiffs are seeking this relief because the specific (and only) reason suggested by the Court for *not* resolving the claim – *i.e.*, that such resolution was unnecessary in view of the relief awarded on plaintiffs' NEPA claim – simply no longer applies in view of the D.C. Circuit's stay of the NEPA ruling. The government never even grapples with this straightforward rationale for why the notice and comment claim should *now* be resolved, let alone explains why it does not support relief under the "catch-all, residual clause" of Rule 60(b). Twelve John Does, 841 F.2d at 1140.[2]

      Finally, defendants assert that "recent developments in Illinois" – i.e., the passage of state legislation prohibiting the slaughter of horses for human consumption – "have rendered this case moot." Def. Mem. at 8. However, as all of the parties have apprised the Court today in their joint report, the Illinois legislation has *not* rendered the case moot because Cavel has challenged that legislation on various constitutional grounds and, in response, a federal court in Illinois has enjoined enforcement of the legislation. See Exhibit B. Accordingly, plaintiffs' request that the Court reinstate and resolve their notice and comment challenge to the rule under review – which

---

   [2] The government's suggestion that plaintiffs cannot invoke Rules 60(b)(5) and 60(b)(6) as *alternative* grounds for reinstating the notice and comment claim, see Def. Opp. at 7-8, makes no legal sense and is contrary to the manner in which the Court of Appeals has addressed Rule 60(b) motions. For example, in Good Luck Nursing Homes, Inc. v. Harris, 636 F.2d 572 (D.C. Cir. 1980), the Court of Appeals found that "it may be doubted whether the mistake involved in this case was the kind that rule 60(b)(1) was intended to remedy," but affirmed the district court's granting of relief on Rule 60(b)(6) grounds. Id. at 578 n. 4. Likewise, Twelve John Does separately analyzed whether relief was appropriate on Rule 60(b)(5) or 60(b)(6) grounds. See 841 F.2d at 1138-41. Accordingly, if the Court were to find that Rule 60(b)(5) does not apply here, that would in no way foreclose the Court from making a separate finding that there is another "reason justifying relief from the operation" of the Court's prior determination not to resolve the notice and comment claim on the merits. Fed. R. Civ. P. 60(b)(6).

is presently having the effect of allowing the horse slaughter operations to continue – is not moot because the parties have a "legally cognizable interest in the outcome" of that claim. <u>County of Los Angeles v. Davis</u>, 440 U.S. 625, 631 (1979) (internal quotation omitted); <u>see</u> also <u>id</u>. (a case is only moot when "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.").[3]

Respectfully submitted,<br>
/s/<br>
Eric R. Glitzenstein<br>
D.C. Bar No. 358287<br>
Howard M. Crystal<br>
D.C. Bar No. 446189<br>
<br>
Meyer Glitzenstein & Crystal<br>
Suite 700<br>
1601 Connecticut Ave., N.W.<br>
Washington, D.C. 20009<br>
(202) 588-5206<br>
<br>
Counsel for Plaintiffs

---

[3] In plaintiffs' view, even if the Illinois district court were to lift or decline to extend the temporary injunction now in place, the "stringent" standard for mootness, <u>The Fund for Animals v. Jones</u>, 151 F. Supp. 2d 1, 5 (D.D.C. 2001), would still not be satisfied because it is impossible to predict the future course of that litigation, <u>e.g.</u>, whether a permanent injunction may be imposed by the district court and/or whether injunctive relief may be awarded in the Seventh Circuit. In comparable circumstances – where a mootness determination turns on uncertain proceedings in another forum – courts have held that a claim for relief is not moot. <u>See</u>, <u>e.g.</u>, <u>INS v. Cardoza-Fonseca</u>, 480 U.S. 421, 426 n. 3 (1987) (an alien's claim for asylum in the U.S. was not rendered moot by the "possibility" of relief under another immigration procedure); <u>Pacific West Cable Co. v. City of Sacramento</u>, 672 F.2d 1322, 1329-30 (E.D. Ca. 1987) (challenge to city policy regarding cable television franchises was not mooted by adoption of new ordinances because those ordinances had been challenged on constitutional grounds and the challenges "create[d] the possibility that any licenses issued under the ordinances will ultimately be invalidated . . . In short, this court can only resolve one lawsuit at a time. The law on cable television franchising/licensing is too uncertain for this court to even begin to predict the outcome of this second suit . . . Therefore, plaintiffs' request for injunctive and declaratory relief is not moot.").

**CERTIFICATE OF SERVICE**

    I hereby certify that I have caused the foregoing Reply to be served on all counsel of ' record, this 8th[h] day of June, 2007, by filing the document with the Court's electronic filing system.

    /s/ _____
    Eric R. Glitzenstein