UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE HUMANE SOCIETY
OF THE UNITED STATES, *et al.*,

    Plaintiffs,

      v.

MIKE JOHANNS, *et al.*,

    Defendants.

Civil Action No. 06–265 (CKK)

**MEMORANDUM OPINION**
(June 21, 2007)

Presently before the Court is [78] "Plaintiffs' Expedited Motion for Relief Under Fed. R.

Civ. P. 60(b) and Memorandum in Support Thereof," filed May 9, 2007.  After considering

Plaintiffs' Motion, related filings (including Federal Defendants' Opposition and Defendant-

Intervenor Cavel International Inc.'s (hereinafter, "Cavel") Opposition), the history of the case,

and the relevant statutes and case law, the Court shall deny [78] "Plaintiffs' Expedited Motion

for Relief Under Fed. R. Civ. P. 60(b)," and accordingly shall not reinstate Claim One of

Plaintiffs' Amended Complaint.

**I.  BACKGROUND**

The history and context of this case have been set forth in a number of lengthy

memoranda and orders by this Court and shall be repeated herein only as relevant to the Motion

presently before the Court.  In Claim One of Plaintiffs' Amended Complaint, Plaintiffs had

alleged that "[b]y creating a fee-for-service ante-mortem horse slaughter inspection system

without providing advance public notice and an advance opportunity to comment, USDA has

violated the Administrative Procedure Act, 5 U.S.C. § 553." Am. Compl. ¶ 94. In Claim Three

of Plaintiffs' Amended Complaint, Plaintiffs had alleged that, "by creating a fee-for-service ante-

mortem horse slaughter inspection system without first conducting any environmental review

under the National Environmental Policy Act [(NEPA)], 42 U.S.C. § 4321, *et seq.*, [United States

Department of Agriculture (USDA)] has violated NEPA and the [Council on Environmental

Quality's (CEQ's)] implementing regulations, abused its discretion, and acted arbitrarily and

capriciously in violation of the Administrative Procedure Act [(APA)], 5 U.S.C. § 706(2)." Am.

Compl. ¶ 98. On March 28, 2007, the Court issued an [67] Order and accompanying [68]

Memorandum Opinion with respect to Claim Three, granting [39] Plaintiffs' Motion for

Summary Judgment, denying [37] Defendants' Motion to Dismiss, or Alternatively, for

Summary Judgment, and denying [38, 40] Defendant-Intervenors' Motion to Dismiss or, in the

Alternative, for Summary Judgment on Claim Three of Plaintiffs' First Amended Complaint. In

its Order, the Court declared the Interim Final Rule at issue to be in violation of the APA and

NEPA, vacated the Interim Final Rule, permanently enjoined the Food Safety and Inspection

Service (FSIS) from implementing the Interim Final Rule, and dismissed this case in its entirety.

Accordingly, the Court also determined that it need not reach the issue of whether the Notice and

Comment provisions of the APA were violated in the promulgation of the Interim Final Rule at

issue such that the Court denied as moot [55] Plaintiffs' Motion for Summary Judgment on

Claim One; [58] Defendant-Intervenors' Cross-Motion for Summary Judgment on Claim One of

Plaintiffs' First Amended Complaint; and Defendants' [60] Motion for Summary Judgment on

Claim One and Defendants' Motion to Dismiss, or Alternatively for Summary Judgment on this

Claim. On April 13, 2007, the Court denied Cavel's [69] Emergency Motion for a Stay of the

Court's March 28, 2007 Order. Only Cavel has appealed the Court's [67] Order, specifically

appealing from the Court's Order

> (a) granting Plaintiffs' Motion for Summary Judgment, (b) denying Defendants' Motion to Dismiss, or Alternatively, for Summary Judgment on Claim Three of Plaintiffs' First Amended Complaint, (c) declaring the Interim Final Rule to be in violation of the Administrative Procedure Act (5 U.S.C. § 706(2)) and the National Environmental Policy Act (42 U.S.C. § 4321, *et seq.*), (d) vacating the Interim Final Rule, and (e) permanently enjoining the Food Safety and Inspection Service of the United States Department of Agriculture from implementing the Interim Final Rule.

[76] Notice of Appeal at 1-2. On May 1, 2007, in a 2-1 decision, the United States Court of

Appeals for the District of Columbia granted Cavel's request for an emergency stay of this

Court's [67] Order.

On May 9, 2007, Plaintiffs filed the instant motion, [78] "Plaintiffs' Expedited Motion

for Relief Under Fed. R. Civ. P. 60(b) and Memorandum in Support Thereof." Therein,

Plaintiffs "move the Court, under Fed. R. Civ. P. 60(b), to reinstate plaintiffs [sic] Claim One . . .

." Pls.' R. 60(b) Mot. at 1. According to Plaintiffs, "[t]he reason for this motion is that . . . the

D.C. Circuit has since stayed the Court's ruling [on Claim Three] and, as a result, the rule at

issue in this case has effectively been reinstated." *Id.* Plaintiffs' request is made pursuant to both

Rule 60(b)(5) and 60(b)(6). *Id.* at 3-5. Furthermore, according to Plaintiffs, "[b]ecause the only

matter presently pending in the Court of Appeals is Cavel's appeal of this Court's resolution of

Claim Three in favor of plaintiffs, see 4/13/07 Notice of Appeal (Doc. 76), there is no

jurisdictional barrier to the Court's reinstatement and resolution of Claim One." *Id.* at 2 n.1

(citing *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997)). Finally, Plaintiffs argue

that "if this Court were to resolve the notice and comment claim at this juncture it would

facilitate comprehensive review in the court of appeals of all legal grounds on which the rule at

issue could be set aside.  Reinstatement and expeditious resolution of this fully briefed claim

would, therefore, serve the overall interests of judicial economy and efficiency." *Id.* at 6.

Both Federal Defendants and Cavel filed Oppositions to Plaintiffs' Rule 60(b) Motion.  In

Cavel's Opposition, Cavel argues both that this Court does not have jurisdiction to consider or

grant Plaintiffs' Rule 60(b) Motion (citing *DeFries*), and that even if it did, Plaintiffs' Motion

was not filed within a reasonable time, falls outside of the scope of Rule 60(b)(5), and "fails to

demonstrate that this is an 'extraordinary' situation warranting relief under Rule 60(b)(6)."

Cavel's Opp'n at 2.  *See also id.* at 3.  Federal Defendants[1] do not argue that this Court does not

have jurisdiction to hear the Motion at issue; however, Federal Defendants do argue that

Plaintiffs' motion falls outside of the scope of Rule 60(b)(5) and that Plaintiffs have not

demonstrated the existence of extraordinary circumstances warranting relief pursuant to Rule

60(b)(6).  Fed. Defs.' Opp'n at 5-6.[2]

---

[1]  On May 23, 2007, Federal Defendants filed [80] Defendants' Motion for Enlargement of Time to Respond to Plaintiffs' Expedited Motion for Relief Under Fed. R. Civ. P. 60(b), opposed by Plaintiffs, which the Court shall grant *nunc pro tunc* based on the reasonable length of the extension requested.

[2]  In Federal Defendants' Opposition, Federal Defendants also argued that "Illinois Law Renders This Case Moot," as the Governor of Illinois signed into law a bill on May 24, 2007 "that makes the commercial slaughter of horses for human consumption illegal in that state." Fed. Defs.' Opp'n at 8.  On May 31, 2007, this Court issued a Minute Order stating that "[i]t has come to the Court's attention that recent state law was enacted in Illinois that prohibits the processing of horsemeat for human consumption, which would seem to affect the only facility still in operation and at issue in this case. Accordingly, the [78] Motion for Reconsideration pending in this case would appear to be moot on other grounds. The Court orders that the Parties file a Joint Status Report by June 8, 2007, indicating whether said [78] Motion is withdrawn and/or moot."  However, on June 8, 2007, the Parties filed a [84] Joint Status Report indicating that Cavel filed suit in the United States District Court for the Northern District of Illinois on May 25, 2007, seeking both a declaration that the Illinois law is unconstitutional and a temporary and permanent injunction of its enforcement.  On June 1, 2007, the District Court issued a temporary restraining order.  As the Joint Status Report states that "[f]or the foregoing reasons

## II.  LEGAL ANALYSIS AND DISCUSSION

*A.      Jurisdiction*

Despite Cavel's assertions to the contrary, the Court does presently have jurisdiction to

consider Plaintiffs' Motion.  Quoted above, Cavel's [76] Notice of Appeal does not include

Claim One in its stated grounds of appeal.

> The relationship between district court jurisdiction and the issuance of the appeals court mandate is clear and well-known: The filing of a notice of appeal, including an interlocutory appeal, "confers jurisdiction on the court of appeals and divests the district court of control *over those aspects of the case* involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S. Ct. 400, 402, 74 L. Ed. 2d 225 (1982) (per curiam).  The district court does not regain jurisdiction over *those issues* until the court of appeals issues its mandate.  *Johnson v. Bechtel Associates Professional Corp.,* 801 F.2d 412, 415 (D.C. Cir. 1986) (per curiam).

*DeFries*, 129 F.3d at 1302 (emphasis added).  *See also Hicks v. Bush*, 452 F. Supp. 2d 88, 98

(D.D.C. 2006) ("[A]lthough the filing of an appeal is 'an event of jurisdictional significance,'

district courts retain jurisdiction in appealed cases to deal with ancillary matters that do not

impinge upon the subject of the appeal." (citing *Griggs*, 459 U.S. at 58)).  Upon examining

Cavel's notice of appeal, it does not appear that Claim One is an "issue" or "aspect" involved in

the appeal such that jurisdiction over Claim One has not been transferred to the Court of

Appeals.

Furthermore, even if the Court's denial of the summary judgment motions with respect to

Claim One were considered an "aspec[t] of the case involved" in Cavel's appeal (which pursuant

---

the Motion for Reconsideration is not moot, nor have plaintiffs withdrawn it," Status Rep. at 2, the Court shall consider Federal Defendants to have withdrawn their argument that the Illinois Law renders Plaintiffs' motion moot.

to the text of the Notice of Appeal, is clearly not the case), this Court would have jurisdiction to deny Plaintiffs' Rule 60(b) motion nonetheless. In the instant Circuit, while a district court does not have jurisdiction to grant relief while a case is pending on appeal, a district court may consider a motion for such relief and *deny* such relief without a remand from the appellate court. *See Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991) ("[W]hen both a Rule 60(b) motion and an appeal are pending simultaneously, appellate review may continue uninterrupted. At the same time, the District Court may consider the 60(b) motion and, if the District Court indicates that it will grant relief, the appellant may move the appellate court for a remand in order that relief may be granted."); *Greater Boston Television Corp. v. FCC*, 463 F.2d 268, 280 n.22 (D.C. Cir. 1971) ("This court has adopted the rule that the motion to provide relief may be considered by the district court while the appeal is pending; if that court indicates that it will grant relief the appellant should move in the appellate court for a remand in order that relief may be granted."); *Piper v. United States Department of Justice*, 374 F. Supp. 2d 73, 77 (D.D.C. 2005) ("[W]hen, as in this case, the order or judgment from which a party seeks relief is also the subject of a pending appeal . . . the district court may outright deny, but cannot outright grant, a Rule 60(b) motion."). Thus, in either case, the instant Court properly has jurisdiction to consider and deny Plaintiffs' Rule 60(b) Motion.

     *B.*     *Rule 60(b)*

     Federal Rule of Civil Procedure 60, titled "Relief from Judgment or Order," contains the following provision:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1)

6

> mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence
> which by due diligence could not have been discovered in time to move for a new trial
> under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),
> misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5)
> the judgment has been satisfied, released, or discharged, or a prior judgment upon which
> it is based has been reversed or otherwise vacated, or it is no longer equitable that the
> judgment should have prospective application; or (6) any other reason justifying relief
> from the operation of the judgment.  The motion shall be made within a reasonable time,
> and for reasons (1), (2), and (3) not more than one year after the judgment, order, or
> proceeding was entered or taken.

Fed. R. Civ. P. 60(b).  Whether a party should be granted relief under Rule 60(b) is a matter left to the district court's discretion: "[T]he district judge, who is in the best position to discern and assess all the facts, is vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion, and the district court's grant or denial of relief under Rule 60(b), unless rooted in an error of law, may be reversed only for abuse of discretion."  *Computer Prof'ls for Soc. Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996) (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)).

The Court notes as an initial matter that it does not deem Plaintiffs' Rule 60(b) Motion to have been untimely filed, as the Motion was filed slightly over one month after the Court's Order and Memorandum Opinion issued such that the Court does not find this interval to be unreasonable.

> 1.    Rule 60(b)(5)

Pursuant to Federal Rule of Civil Procedure 60(b)(5), "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding . . . [if] it is no longer equitable that the judgment should have prospective application."  Fed. R. Civ. P. 60(b)(5). Both Federal Defendants and Cavel argue that the Court's decision with respect to Claim One was not "prospective or executory" in nature such that Federal Rule of Civil Procedure 60(b)(5)

7

does not apply.  The Court agrees.  "[T]he standard [applied] in determining whether an order or judgment has prospective application within the meaning of Rule 60(b)(5) is whether it is 'executory' or involves 'the supervision of changing conduct or conditions.'"  *Twelve John Does*, 841 F.2d at 1139.  In contrast, the Court's denial as moot of various summary judgment motions with respect to Claim One does not involve any sort of injunctive relief or continued application, as the Order marks the end of the Court's involvement with that Claim.  In fact, Plaintiffs do not provide any case law to substantiate their position that Rule 60(b)(5) would apply to the Court's denial of summary judgment motions as moot with respect to Claim One.  *See* Pls.' Reply to Cavel's Opp'n at 7; Pls.' Reply to Fed. Defs.' Opp'n at 3.  Accordingly, the Court shall deny Plaintiffs' request for relief pursuant to Federal Rule of Civil Procedure 60(b)(5).

        2.     Rule 60(b)(6)

      While Rule 60(b)(6) "gives the district judge broad latitude to relieve a party from a judgment," *Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 765 (D.C. Cir. 1995), such latitude "should be only sparingly used," *Good Luck Nursing Home Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980).  Relief under Rule 60(b)(6) is granted in only "extraordinary circumstances," *Ackermann v. United States*, 340 U.S. 193, 199 (1950).  Such extraordinary circumstances may be present "[w]hen a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust . . . even though the original failure to present that information was inexcusable."  *Good Luck Nursing Home*, 636 F.2d at 577.  However, a party that "has not presented known facts helpful to its cause when it had the chance cannot ordinarily avail itself on rule 60(b) after an adverse judgment has been handed down."  *Id.*  To obtain relief in such a situation, then, the moving party must

demonstrate that its case "is not the ordinary one." *Computer Professionals*, 72 F.3d at 903.

Furthermore, "Rule 60(b) may not be used as a substitute for an appeal not taken." *Twelve John Does*, 841 F.2d at 1141. Plaintiffs state in their Motion that "plaintiffs have no interest in appealing the Court's dismissal of Claim One as moot, especially if this Court agrees that it is now appropriate to resolve that claim on the merits." Pls.' R. 60(b) Mot. at 6. While Plaintiffs claim that they "actually stressed to the Court that they have '*no interest* in appealing the Court's dismissal of Claim One as moot' because such an appeal would *not* accomplish what plaintiffs are now seeking–*i.e.*, a resolution of the claim on the merits," Pls.' Reply to Cavel's Opp'n at 8 n.5, this is inaccurate; if Plaintiffs had appealed this Court's denial as moot of Plaintiffs' summary judgment motion with respect to Claim One, an appellate court decision favorable to Plaintiffs would have resulted in a mandate requiring this Court to resolve the merits of the Parties' summary judgment motions on Claim One.

Ultimately, Plaintiffs do not demonstrate anything broaching extraordinary circumstances in their Motion. As Federal Defendants point out,

> the only change in circumstances that has occurred since the passage of the Court's March 28, 2007 Order and that runs counter to plaintiffs' interests is the District of Columbia Circuit's decision to grant a stay of this Court's Order pending Cavel's appeal. However, it does not appear that an appeal is what is contemplated for purposes of demonstrating extraordinary circumstances or extreme hardship under Fed. R. Civ. P. 60(b)(6).

Fed. Defs.' Opp'n at 7. Plaintiffs refute Federal Defendants' characterization as follows:

> Plaintiffs, however, are not arguing that the Court should revisit its determination not to resolve the notice and comment claim merely because Cavel has appealed the Court's NEPA ruling. Rather, as we have made clear, plaintiffs are seeking this relief because the specific (and only) reason suggested by the Court for *not* resolving the claim–*i.e.*, that such resolution was unnecessary in view of the relief awarded on plaintiffs' NEPA claim–simply no longer applies in view of the D.C. Circuit's stay of the NEPA ruling.

9

Pls.' Reply to Fed. Defs.' Opp'n at 3-4. However, Plaintiffs seem to misinterpret the Court's

ruling. In the Court's [68] Memorandum Opinion, the Court states as follows:

> Based on the Court's finding of a NEPA violation, the Court shall declare the Interim
> Final Rule to be in violation of the APA and NEPA, vacate the Interim Final Rule, and
> permanently enjoin the Food Safety and Inspection Service (FSIS) of the USDA from
> implementing the Interim Final Rule. Accordingly, the Court need not reach the issue of
> whether the Notice and Comment provisions of the APA were violated in the
> promulgation of the Interim Final Rule at issue such that the Court shall deny as moot
> [55] Plaintiffs' Motion for Summary Judgment on Claim One; [58] Defendant-
> Intervenors' Cross-Motion for Summary Judgment on Claim One of Plaintiffs' First
> Amended Complaint; and Defendants' [60] Motion for Summary Judgment on Claim
> One and Defendants' Motion to Dismiss, or Alternatively for Summary Judgment on this
> Claim.

[68] Mem. Op. at 2-3. The Court denied as moot all summary judgment motions with respect to

Claim One not because the Court's determination on Claim Three already granted Plaintiffs the

relief they requested, but rather because the Court's determination on Claim Three vacated the

Interim Final Rule at issue. The D.C. Circuit's stay of this Court's [67] Order does not change

this Court's invalidation of that Rule. Furthermore, because this Court ruled in its [67] Order

and accompanying Memorandum Opinion that Defendants violated both the APA and NEPA in

promulgating the Interim Final Rule, it would be premature and solely advisory to proceed to the

next step of determining whether Notice and Comment provisions were violated as well when the

underlying Rule has been otherwise legally invalidated by this Court. The Court views Plaintiffs'

request that Claim One be reinstated and decided on the merits, at best, as a waste of this Court's

(and ostensibly the D.C. Circuit's) judicial resources, and at worst, as an effort to circumvent the

stay granted by the United States Court of Appeals for the District of Columbia Circuit.

## III.  CONCLUSION

Based on the aforementioned reasoning, the Court shall DENY [78] "Plaintiffs'

Expedited Motion for Relief Under Fed. R. Civ. P. 60(b)."  An Order accompanies this

Memorandum Opinion.


Date:   June 21, 2007

                                        _/s/_____
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge