UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE HUMANE SOCIETY <br> OF THE UNITED STATES, ET AL. <br><br> Plaintiffs, <br> v. <br><br> MIKE JOHANNS, ET AL. <br><br> Defendants. | ) <br> ) <br> ) <br> ) Civ. No. 1:06CV00265 (CKK) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND COSTS**

Plaintiffs hereby move for an award of attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"), in this case challenging defendants' regulation creating a fee-for-service horse slaughter inspection scheme. On August 7, 2008, the Court of Appeals issued its mandate dismissing defendant-intervenors' appeal of this Court's March 28, 2007 Memorandum Opinion and Order granting plaintiffs' motion for summary judgment and declaring the Interim Final Rule at issue "to be in violation of the [Administrative Procedure Act] and NEPA [National Environmental Policy Act], vacat[ing] the Interim Final Rule, and permanently enjoin[ing]" the rule's implementation. Humane Soc'y of the United States v. Johanns, 520 F. Supp. 2d 8, 38 (D.D.C. 2007). As set forth below, plaintiffs are entitled to fees and costs because plaintiffs are "prevailing part[ies]" and the government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).[1]

---

[1] Plaintiffs and federal defendants have initiated settlement negotiations regarding plaintiffs' fee claim. Accordingly, plaintiffs are filing this skeletal motion simply to ensure that they have preserved their entitlement to fees under EAJA. Plaintiffs are simultaneously filing an unopposed motion to hold this application in abeyance for thirty days.

Plaintiffs have plainly prevailed in this litigation. Indeed, in vacating and enjoining implementation of the rule under review, the Court effectively granted plaintiffs not only all of the relief they requested, but all the relief plaintiffs could possibly have received in a challenge to the regulation. Consequently, there can be no serious dispute that plaintiffs are "prevail[ing] parties" within the meaning of EAJA. 28 U.S.C. § 2412(d)(1)(A).[2]

It is likewise clear that the government cannot meet its burden of establishing that its position concerning the NEPA issue was "substantially justified" within the meaning of EAJA, 28 U.S.C. § 2412(d)(1)(A). EAJA defines "position of the United States" to include not only the position taken by the government in the litigation, but the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). Here, as the Court's ruling makes clear, the Administrative Record reflects defendants' "failure to give any consideration" at all to whether some form of NEPA compliance was required under the circumstances here. 520 F. Supp. 2d at 34; id. ("The administrative record does not contradict Plaintiffs' assessment that 'there is no evidence whatsoever that the 'agency head' – or any USDA official – even *contemplated* whether the rule 'may have a significant environmental effect' that should be considered in an EA or EIS") (emphasis in original; internal citation omitted).

Similarly, as for the government's position in the litigation itself, the Court evidently did not regard as "substantially justified" either the government's argument that it could entirely forgo any NEPA compliance before issuing the rule, or the other justifications proffered by defendants for why NEPA compliance was unnecessary here. See, e.g., 520 F. Supp. 2d at 34

---

[2] The government declined to appeal this Court's ruling. Defendant-intervenors did appeal, but its appeal was dismissed on mootness grounds because its horse slaughter operations in Illinois have been shut down by operation of State law.

("Ultimately, the Court agrees that 'any notion that USDA may avoid NEPA review simply by *failing* even to consider whether a normally excluded action may have a significant environmental impact flies in the face of the CEQ regulations,' Pls. Mem. For Summ. J. at 36, as well as USDA's own NEPA regulations.") (emphasis in original).

As set forth in the accompanying declaration of plaintiffs' lead counsel, plaintiffs are entitled to a cost award of at least $ 7,319 and a fee award of at least $ 250,196. As explained in the Declaration (at ¶ 5), with regard to attorney time, this figure is based on the pertinent EAJA-adjusted rate for cost of living increases. See 28 U.S.C. § 2412(d)(2)(A); see also Role Models America, Inc. v. Brownlee, 353 F.3d 962, 969 (D.C. Cir. 2004) (approving an appropriate cost of living adjustment in the base EAJA rate of $ 125/hour). Accordingly, plaintiffs are entitled to a total award of at least $ 257,515.[3]

                          Respectfully submitted,

                          /s/Eric R. Glitzenstein
                          Eric R. Glitzenstein
                          D.C. Bar No. 358287

                          Meyer Glitzenstein & Crystal
                          1601 Connecticut Ave., N.W.
                          Washington, D.C.  20009
                          (202) 588-5206

                          Counsel for Plaintiffs

---

[3] Plaintiffs are non-profit organizations and individuals who satisfy the eligibility criteria for an EAJA award. See 28 U.S.C. §2412(d)(2)(B).

**CERTIFICATE OF SERVICE**

    I hereby certify that I have caused the foregoing motion to be served on all counsel of record, this 5th day of September, 2008, by filing the document with the Court's electronic filing system.

                                            /s/Eric R. Glitzenstein
                                            Eric R. Glitzenstein